KATHRYN M. HOWARD v. J. H. HARRIS PLUMBING COMPANY.

(Filed 22 February, 1911.)

1. Negligence—Master and Servant—Acts of Clerk—Respondeat Superior.

The plaintiff was employed in the store of A. and was injured by falling through an open trap-door, usually closed and concealed beneath a movable counter. A. had requested the defendant to do some repair work in the basement of the store, and on this occasion a clerk of A., under A.'s instruction, had shown the workman of defendant the way to his work, had opened the trap for him to descend, and was informed by the workman that he would be in the cellar an hour or two. The clerk failed to close

the trap or to guard the opening against accidents, and thus the injury complained of was occasioned: *Held*, as A. had the complete control and management of his own store, he was responsible in damages for the negligence of his clerk in not closing or safeguarding the open trap; that this negligence was the proximate cause of the injury, and under the evidence a motion of nonsuit should have been granted.

**2. Negligence—Joint Tort Feasors—Release as to One—Effect.**
> A release of one or more joint tort feasors executed in satisfaction for an injury received from their joint negligent act is a discharge of them all.

APPEAL from *Ferguson, J.,* at May Term, 1910, of BEAUFORT.

Civil action for damages. These issues were submitted:

1. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: Yes.

2. Did plaintiff, by her own negligence and acts, contribute to her injury? Answer: No.

3. Did the release of plaintiff for a valuable consideration to E. W. Ayers from liability also relieve the defendant from liability? Answer: No.

4. What damage, if any, is the plaintiff entitled to recover? Answer: $750.

From the judgment rendered, the defendant appealed.

*Nicholson & Daniel for plaintiff.*
*W. C. Rodman for defendant.*

BROWN, J. Although there are twenty assignments of error, the merits of this appeal can be passed on in considering the motion to nonsuit.

It is admitted that E. W. Ayers is the owner and proprietor of a large store in Washington, North Carolina, in which he conducts a mercantile business, and that plaintiff was his employee in the millinery department. Ayers employed defendant to send a workman to his store for the purpose of descending into the cellar and putting in a water pipe. The only entrance to the cellar, which was dark, was a trap-door in the floor of the store, over which a movable counter stood. From this trap-door a ladder was used to descend into the cellar.

154—15

The counter was moved, the trap-door opened, and the workman, one Cherry, sent by defendant to fix the water pipe, descended with his lantern and tools into the cellar and went to work. The trap-door was not closed after Cherry descended into the cellar, and the plaintiff in passing by fell in and was injured.

There are two reasons why the nonsuit must be sustained.

1. There is no evidence of negligence upon the part of the defendant. It obeyed the call and sent one of its workmen to Ayers' store, as directed. It was Ayers' duty to conduct the workman to the place where the work was to be done. It was Ayers' store and he had complete control and management of it. He knew the way into the cellar, and the workman did not. Ayers was offered as a witness for plaintiff, and admits that he undertook this duty. He directed one of his clerks to show Cherry the way into the cellar through the trap-door.

When Ayers delegated this duty to his clerk he was responsible for the manner in which he discharged it. *Tanner v. Lumber Co.,* 140 N. C., 475.

When the workman lighted his lantern and descended by the ladder into the cellar it was the clerk's duty to either close the door or, if necessary to leave it open while the work was being done, to protect it so those passing by were not likely to fall into the cellar.

The evidence for plaintiff is not aided any by that offered by defendant. According to Cherry's evidence, Ayers told him that one of his clerks would show him the way into the cellar; that the clerk opened the trap-door and told him to enter, which he did; that he then told the clerk he would be in the cellar an hour or two, and that the clerk could shut the trap-door.

Taking the evidence in its most favorable view for plaintiff, we are unable to see any negligent act upon the part of the defendant.

The proximate cause of her injury was the neglect of Ayers' agent, after conducting the workman (as directed by Ayers) into the cellar and, after the workman was down in the cellar, in failing to close the trap, as it was his duty to do.

2. Assuming that this defendant is jointly liable with Ayers

to the plaintiff, she has released Ayers for a valuable considera-
tion paid to her by him, and that releases this defendant.

She cannot be allowed to recover two compensations for the
one injury. If she recovers of one she cannot recover of the
other. It is immaterial, so far as plaintiff is concerned, to con-
sider which joint tort feasor is primarily liable.

The question of primary and secondary liability is for the
offending parties to adjust between themselves. The injured
party has his remedy against either. *Dillon v. Raleigh,* 124
N. C., 188; Bushwell Personal Injuries, sec. 190.

It is well settled that a release of one or more joint tort
feasors executed in satisfaction for an injury is a discharge of
them all, on the ground that the party can have but one satis-
faction for his injury. 24 Am. and Eng., 306, where cases from
nearly all the American courts are collected. *Brown v. Louis-
burg,* 126 N. C., 701; *Burns v. Womble,* 131 N. C., 173.

Citing a wealth of authority, English and American, Judge
Cooley says: "It is to be observed in respect to the point above
considered, where the bar accrues in favor of some of the wrong-
doers by reason of what has been received from or done in
respect to one or more others, that the bar arises not from any
particular form that the proceeding assumes, but from the fact
that the injured party has actually received satisfaction, or
what in law is deemed the equivalent. Therefore, if he accepts
the satisfaction voluntarily made by one, that is a bar to all.
And so a release of one releases all, although the release ex-
pressly stipulates that the other defendants shall not be re-
leased. And this rule is held to apply even though the one
released was not in fact liable. It does not lie in the mouth of
such a plaintiff to say he had no cause of action against one
who paid him for his injuries, for the law presumes that the
one who paid committed the trespass and occasioned the whole
injury."

The release in question is set out in the record and its execu-
tion admitted by the plaintiff in her testimony. It purports to
release and discharge Ayers on account of this injury and is
based upon a valuable consideration, and it is not contended
that it was secured by fraud.

Upon practically all the authorities, this act of plaintiff released this defendant as well as Ayers.

We are therefore of opinion that in no view of the evidence can the plaintiff recover.

The motion to nonsuit is sustained and the action is dismissed.

Reversed.