C. N. MASON v. A. H. STEPHENS AND BLADES LUMBER COMPANY.

(Filed 10 March, 1915.)

1. **Trials—Nonsuit—Joint Tort Feasors—Release of One—Release Pro Tanto.**
   In an action against two defendants, A. and B.—against A. for wrongfully cutting timber on plaintiff's land and against B. for receiving a part of it and not paying therefor, it is error for the trial judge to enter judgment of nonsuit in A.'s case, because the case of B. had been compromised and nonsuit entered as to him, for a release of that demand could only be a release of A. *pro tanto.*

2. **Judgments—Default and Inquiry—Nonsuit—Appeal and Error.**
   Where a judgment by default and inquiry has been taken and at a subsequent term the inquiry is being duly made, it is erroneous for the trial judge to order a nonsuit.

APPEAL by plaintiff from _Peebles, J.,_ at September Term, 1914, of CRAVEN.

_W. D. McIver and R. A. Nunn for plaintiff._
_H. L. Gibbs and A. D. Ward for defendants._

CLARK, C. J.   This is an action against the defendant Stephens for wrongfully cutting timber on plaintiff's land, and against the Blades Lumber Company for wrongfully receiving part of the same and not paying therefor.   Judgment by default and inquiry as to Stephens was taken at February Term, 1913, and at May Term, 1913, a nonsuit was taken as to the lumber company.

At the trial term the judge directed a nonsuit as to Stephens on the ground that the nonsuit as to the lumber company had been entered in consequence of a compromise and payment of the amount due by said lumber company.   This was error.   It appeared that the recovery was sought of the lumber company only for that part of the lumber which it had wrongfully received, and a release of that demand was not a release of Stephens except *pro tanto*.   Besides, if it had been for the entire amount, an agreement for a valuable consideration not to sue one joint tort feasor, or a dismissal of the action as to him, does not release the other, but only to the extent of the payment made.   *Chicago v. Babcock,* 143 Ill., 385, Jaggard on Torts, sec. 117; 38 Cyc., 538.   It does not have the same effect as the absolute release of one tort feasor, which it has been held releases the other.   Indeed, the lumber company received the lumber from the defendant Stephens, or rather cut it under a contract with him, and the nonsuit as to the lumber company could do no harm to Stephens, who had no action against the company in any event.

It was also error to direct a nonsuit as to the defendant Stephens, against whom there was a judgment by default and inquiry, taken at a previous term, and which inquiry was then being duly made.   *Jordan v. Pool,* 27 N. C., 111.

There was also error in excluding certain testimony offered, which it is not now necessary to discuss.

The judgment of nonsuit is
Reversed.