WEST SLADE v. W. J. SHERROD et al.

(Filed 10 April, 1918.)

**1. Torts—Joint Tort Feasors—Independent Tort—Payment—Release—Covenant Not to Sue.**

While a release of one joint tort feasor from liability from the same tort will release the other, a covenant not to sue one of them and a compromise and settlement with him of his liability for a separate tort will not have this effect.

**2. Same—Nonsuit.**

Where a passenger in an automobile has been sued for damages alleged to have been caused to the plaintiff's buggy by his negligence in driving the machine, and also for an assault upon him while taking its license number, and a compromise has been made as to the assault with the statement that the plaintiff did not consider him responsible for the damages to the buggy, and a voluntary nonsuit has consequently been taken, the plaintiff, in his action against the owner of the machine for the alleged negligence of his driver, is not barred by his compromise of the separate tort or his voluntary nonsuit in the former action.

**3. Estoppel—Judgment—Nonsuit.**

A voluntary nonsuit does not operate as an estoppel by judgment of the matters alleged in the pleadings.

**4. Instructions—Verdict Directing—Tort Feasors.**

Where there is evidence tending to show that one of several joint tort feasors has compromised with the damaged person for a separate and independent tort, it is error for the trial judge to instruct a verdict, in an action against another of the tort feasors for the other tort, that such compromise operated as a release to the defendant in the action.

**5. Torts—Covenant Not to Sue—Payments—Credits.**

A covenant not to sue one of several joint tort feasors does not release the others, and any amount paid by him is only a credit to be entered in the final recovery.

BROWN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL by plaintiff from *Harding, J.,* at June Term, 1917, of ROCK-INGHAM.

The plaintiff, a colored man, brings this action against the defendant Sherrod, the owner of an automobile, and the automobile company of which he is president to recover damages for the loss of his horse and injury to himself and his buggy, alleged to have been caused in the operation of an automobile owned by the defendant Sherrod and operated by his servant. The plaintiff brought a former action against James N. Williamson, Jr., in which this defendant was named as codefendant in the summons, but the complaint was filed against Williamson only, in which there were two causes of action alleged, one for this injury

and a second cause of action for an assault and battery committed on the plaintiff by said Williamson, who was a passenger in the machine, to prevent the plaintiff from ascertaining the number of the machine.

In said former action the plaintiff took a voluntary nonsuit as to all the defendants and made a settlement with the said Williamson, evidenced by the following paper-writing:

"Received of James N. Williamson, Jr., by and thru his attorney, F. S. Parker, Jr., the sum of two hundred dollars ($200), in full for any and all claims which the undersigned has or can have against the said Jas. N. Williamson, Jr., or Stephen I. Moore, arising out of a collision between an automobile and a wagon and horse, the property of the undersigned, which occurred in Guilford County some time during the month of November, 1913.

"This settlement is specifically to cover any and all claims which the undersigned or any other parties, occupants of the wagon, have or can have against the said Jas. N. Williamson, Jr., or Stephen I. Moore, because of any incident occurring at the time of or after said collision, and said payment is accepted in full for all claims of any kind or nature which the undersigned or any other occupant of said wagon could have against the said James N. Williamson, Jr., or the said Stephen I. Moore, for and on account of any reason whatsoever.

"This receipt is not intended to cover any claim which the undersigned might have against the owner of the automobile which was in said collision for injuries to horse and wagon, the plaintiff being at this date of opinion the said Williamson or Moore are not responsible for said collision.                                    WEST SLADE.

By P. W. GLIDEWELL,
W. M. HENDREN,
15 June, 1915.                        Attorneys for West Slade."

The defendant pleaded the above settlement with Williamson as a bar to this action. The following issues were submitted to the jury:

1. Was the plaintiff injured in his person and his property by the negligence of defendant, as alleged in the complaint? Answer: "Yes."

2. If so, did the plaintiff by his own negligence contribute to said injury, as alleged in the answer? Answer: "No."

3. Did the plaintiff receive from J. N. Williamson $200 in settlement and satisfaction of said injury? Answer: "Yes."

4. If so, did said settlement and satisfaction of said injury operate as a discharge of defendant? Answer: "Yes."

5. What damages, if any, is plaintiff entitled to recover of defendant? Answer: "$150."

The jury answered the first, second, and fifth issues in favor of the plaintiff as above. But the court directed the jury to answer the third and fourth issues in favor of the defendant and entered judgment upon the verdict against the plaintiff, who appealed.

*Manly, Hendren & Womble and P. W. Glidewell for plaintiff.*
*W. J. Sherrod for defendant.*

CLARK, C. J. The direction to the jury to enter a verdict that the settlement with Williamson was a bar to this action against Sherrod was a finding by the court as a matter of law, that the receipt given by the plaintiff to Williamson was a release of the cause of action as against the defendant. And this presents the only point in this appeal.

It is true that the former action was brought against Williamson and the defendant Sherrod (no complaint being filed against the latter) in which there was a first cause of action set up against Williamson for the injury to the plaintiff and his horse and buggy, and a second cause of action against Williamson only for the assault. The plaintiff in this action put on testimony that having ascertained that Williamson was merely a passenger and nowise liable for the injury caused by the collision, he took a nonsuit as to both causes of action and compromised with Williamson as to the second cause of action as to the assault for which Williamson only was liable.

However, that may be, the plaintiff is not estopped by his pleadings in the first action, for there was no judgment, but merely a voluntary nonsuit.

The correctness of the judge's ruling that the receipt given to Williamson is a bar to this action against Sherrod depends upon the construction given to that settlement.

It is true that where there are joint tort feasors, there can be but one recovery and a settlement with one is a release of the other. *Sircey v. Rees,* 155 N. C., 297; 24 A. & E., 306. There is an exception when there is not a release, but merely a "covenant not to sue" is given to one tort feasor, in which latter case the amount paid is simply a credit to be entered on the total recovery. *Mason v. Stephens,* 168 N. C., 370.

But this action is against the owner of the automobile alone, and the motor company of which he is president, and the paper-writing is a release to Williamson of the second cause of action in the former suit only, which was against Williamson alone, upon an assault and battery committed upon the plaintiff after the collision and the injury done to his horse and buggy, in which assault the defendant Sherrod was in no wise concerned. The plaintiff admits in the receipt that Williamson was in nowise liable for the injury to the horse and buggy from the collision.

But if he had been jointly liable therefor, the receipt embraced only the assault as to which Williamson alone was liable, for the receipt given Williamson recites in the last clause: "This receipt is not intended to cover any claim which the undersigned might have against the owner of the automobile which was in said collision for injuries to horse and wagon, the plaintiff being at this date of opinion the said Williamson or Moore are not responsible for said collision."

The receipt on its face states that the settlement was with Williamson and Moore only, and that the plaintiff did not deem that Williamson or Moore were in any wise responsible for the collision. It was error to instruct the jury that such receipt was a settlement for the damages sustained by the collision contrary to such statement in the receipt. There was evidence by Mr. Glidewell: "The settlement was with the distinct understanding that nothing was settled except the assault." Also that he told the defendant Sherrod that he was "going to settle with Mr. Williamson for the assault and hold him (Sherrod) liable for the collision." The instruction of the court to find the third and fourth issues to the contrary was an instruction to the jury to disregard this evidence as erroneous.

In the strongest light for the defendant, the issues 3 and 4 should have been submitted to the jury. It may be we might grant a partial new trial upon those two issues, but the defendant in this court, appearing for himself, states in his brief that it is agreed that if this court held there was error in the instruction of the judge that the legal effect of the receipt was to bar this action, that judgment might be entered here in favor of the plaintiff for $150, as found by the jury in answer to the fifth issue, as the damages sustained by reason of the collision.

Judgment will, therefore, be entered accordingly in this court.

Reversed.

BROWN, J., dissenting: I am of opinion that the judge of the Superior Court correctly held that the defendant, as well as Williamson, was released from all liability "arising out of a collision between an automobile and a wagon and horse, the property of the undersigned" (the plaintiff). The paper-writing is specific in its terms in releasing Williamson from such liability, and therefore, it releases the defendant, a joint tort feasor. *Howard v. Plumbing Co.,* 154 N. C., 224.

The release does not mention any assault, but on the other hand, specifically states it is settlement of damages arising out of a collision between plaintiff's wagon, which it is admitted is the collision for which this action was brought.

In *Howard v. Plumbing Co., supra,* it is held: "Therefore, if he accepts the satisfaction voluntarily made by one, that is a bar to all. And

so a release of one releases all, although the release expressly stipulates that the other defendant shall not be released. And this rule is held to apply even though the one released was not in fact liable."

The ruling above quoted settles conclusively any question as to the effect of the last paragraph of the release, in which it stipulates that it shall not bar any action against this defendant.