FLOYD KING v. L. R. POWELL, JR., ET AL., RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY; ROCKINGHAM RAILROAD COMPANY; AND ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 10 December, 1941.)

1. Appeal and Error § 39—

Where the jury establishes plaintiff's execution of a release relieving appealing defendant of liability, any error in the charge on the issue of negligence cannot be held prejudicial.

2. Torts § 9a—

A release from liability executed by the plaintiff to one joint tort-feasor releases all.

3. Torts § 4—Plaintiff's evidence held sufficient to show that defendants were joint tort-feasors.

The tracks of two railroad companies crossed at grade. When the crossing was in use by one railroad, its signalman by leavers in a block house switched red lights and a derailer on the tracks of the other railroad. Plaintiff's evidence tended to show that he was an employee of such other railroad and was riding with other employees and a foreman on a motor car, that as the car approached the intersection the light turned red and the foreman slowed or stopped the car, that the lights then turned green and the foreman proceeded but that just as the car reached the derailer the lights suddenly turned red again and the derailer was thrown back on the track making it impossible to stop the car before striking the derailer, resulting in the injury in suit. *Held:* Plaintiff's evidence considered in the light most favorable to him, supports his conclusion that defendant railroad companies were joint tort-feasors.

4. Appeal and Error § 6b—

Where appellant presents no exceptive assignment of error to the failure of the jury to answer two of the issues, any error of the court in failing to require the jury to complete its verdict is not presented for review.

APPEAL by plaintiff from *Pless, J.,* at July Term, 1941, of RICHMOND. Affirmed.

Civil action to recover damages resulting from alleged negligence of the defendant *et al.*

The tracks of the defendant Rockingham Railroad Company cross the tracks of the Seaboard Air Line Railroad Company at grade west of Rockingham. Certain signal lights and other safety devices are maintained on each branch of the intersection. These safety devices are operated by means of levers located in a block house. The lights are green at all times on the Seaboard except when the intersection is in use by the defendant. When the intersection is in use by the defendant Rockingham Railroad Company one of its employees operates the levers so as to turn the lights on the Seaboard red and to throw derailers on its tracks. After said defendant's train passes the same employee resets the safety devices so that the lights are green and the derailers are off on the Seaboard.

On the day in question, the section foreman of the Seaboard, operating a rail motor car used for the purpose of transporting employees, tools, etc., approached the crossing at a time when the safety devices were so set that red lights were displayed on the Seaboard and the derailers were on the "T" iron so as to block any approaching train or car.

The evidence offered by the plaintiff tends to show that after the motor car slowed or stopped for the red light the light turned green and the derailer was thrown off the track; that the section foreman then proceeded and just before he reached the point of the location of the derailer, the light suddenly turned red again and the derailer was thrown back on the track or "T" iron at a time and in a manner which made it impossible for the motor car to be stopped before striking the derailer. The evidence offered by the defendant Rockingham Railroad Company tends to show that as the motor car approached the light was red and the derailer was set; that it did not again turn green before the accident and that the section foreman, well knowing that he was under positive orders to stop until the light turned green, nevertheless proceeded against the red light and drove the motor car on and against the derailer, thereby causing the wreck and resulting injuries to the plaintiff.

Both the Seaboard Air Line Railroad Company and the defendant pleaded in defense a release of the Seaboard Air Line Railroad signed by the plaintiff in consideration of a sum paid by it.

The plaintiff, in reply, pleaded fraud and undue influence in the procurement thereof.

When the cause came on to be heard, it appearing that the action as against the Seaboard Air Line Railroad Company was not instituted within two years as required by the Federal Employers' Liability Act, judgment of nonsuit was entered as to the Seaboard. There was also a judgment of nonsuit as to the Atlantic Coast Line Railroad Company. As to the defendant, Rockingham Railroad Company, appropriate issues

were submitted. The jury answered the first issue as to the negligence of the defendant, "No." The third issue and the answer thereto is as follows:

"3. Did the plaintiff execute a release as alleged in the answer?

"Answer: Yes. (By consent.)"

The other issues were unanswered.

Upon the verdict as thus returned by the jury the court entered judgment for the defendant and the plaintiff excepted and appealed.

*Jones & Jones for plaintiff, appellant.*

*Fred W. Bynum for defendant, appellee.*

BARNHILL, J. Conceding error in the charge on the first issue, the judgment must stand. The answer to the third issue bars plaintiff's right to recover upon the principle that the release of one joint tort-feasor releases all. *Holland v. Utilities Co.,* 208 N. C., 289, 180 S. E., 592; *Howard v. Plumbing Co.,* 154 N. C., 224, 70 S. E., 285; *Sircey v. Hans Rees' Sons,* 155 N. C., 296, 71 S. E., 310; *Slade v. Sherrod,* 175 N. C., 346, 95 S. E., 557; *Braswell v. Morrow,* 195 N. C., 127, 141 S. E., 489; *Massey v. Public Service Co.,* 196 N. C., 299, 145 S. E., 561.

The plaintiff alleges that the Seaboard and the Rockingham Railroad Company were joint tort-feasors. The evidence, when considered in the light most favorable to the plaintiff, tends to so show. Otherwise it tends to exculpate the Rockingham Railroad Company and it establishes conclusively that if this defendant was not negligent the employee of the Seaboard, the section foreman, was. Hence, the plaintiff, having executed a release of the Seaboard, thereby released this defendant.

Just why this verdict was accepted and recorded by the judge without any objection on the part of the plaintiff for failure to require answers to the fourth and fifth issues, which are bottomed on plaintiff's allegations of fraud and undue influence, does not appear. Nevertheless, the fact remains that this is the verdict before us and the plaintiff presents no exceptive assignment of error in respect to any issue other than the first. He complaineth not that the judge failed to require an answer to either the fourth or fifth issue. As to that, upon this record, he is apparently content.

It follows that the judgment below must be

Affirmed.