LeROY RAMSEY, Plaintiff v. JESS WILLARD CAMP and BILLY LEE CAMP, Original Defendants and JERRY O. WILSON, Additional Defendant.

(Filed 12 April, 1961.)

**1. Torts § 5—**

A person is entitled to but one recovery for his damages sustained as the result of a single wrong, regardless of the number of persons from whom he is entitled to recover for the tort.

**2. Same:    Torts § 9—**

While a covenant not to sue procured by one of the persons liable for a tortious injury, as distinguished from a release from liability, does not release other persons liable for the tort, the remaining tort-feasors are entitled to have the amount paid for the covenant credited on any judgment thereafter obtained against them by the injured person.

**3. Same—**

Parties against whom judgment is obtained for a wrong are entitled, upon motion at any time prior to execution upon the judgment, to have the judgment credited with a sum theretofore paid by another as consideration for a covenant not to sue such other for the same tort.

**4. Same—**

The fact that the person who procures a covenant not to sue is found by the jury not to be a joint *tort-feasor* does not defeat the right of those against whom judgment is later rendered for the same tort to have the amount paid for the covenant credited to the judgment.

APPEAL by defendants from *Campbell, J.,* December Term 1960 of GASTON.

This was a civil action to recover for personal injuries and damages sustained in a collision on 12 July 1957, on Highway No. 29 in Gaston County, North Carolina, between the automobile owned by the plaintiff, in which he was riding and which was being driven by Jerry O. Wilson, and the automobile of the defendant Jess Willard Camp, driven by his son, Billy Lee Camp.

Jerry O. Wilson instituted an action against Jess Willard Camp and Billy Lee Camp growing out of this collision. The case was tried in August 1958 and the jury answered both issues as to negligence and contributory negligence in the affirmative. Upon appeal to this Court at the Spring Term 1959 we found no error. See *Wilson v. Camp,* 249 N.C. 754, 107 S.E. 2d 743.

On 3 June 1958 a covenant not to sue was entered into between the plaintiff LeRoy Ramsey and the additional defendant Jerry O. Wilson, pursuant to which covenant Wilson paid Ramsey the sum of $1,000.

The present action was instituted on 12 August 1957 against the

defendants Camp only. Thereafter, on 11 September 1957, upon motion of counsel for defendants Camp, Jerry O. Wilson was made an additional party defendant. The defendants Camp filed a cross-action against the additional defendant for contribution.

The case was tried in the court below and the jury returned a verdict for $1,000 against the defendants Camp and held that Wilson was not negligent as alleged in the cross-action. Thereupon, the defendants Camp, after verdict, through their counsel, moved that any judgment entered in the cause be credited with the sum of $1,000 paid by Jerry O. Wilson pursuant to the terms and provisions of the covenant not to sue. The motion was supported by an affidavit and copy of the covenant not to sue.

The trial judge refused to allow the credit on the judgment, and the defendants appeal, assigning error.

*Childers & Fowler for plaintiff.*
*Mullen, Holland & Cooke; Craighill, Rendleman & Kennedy for defendants.*

DENNY, J. It appears from the record that prior to the trial of this case the attorneys for the additional defendant Wilson informed the court that their client had procured from the plaintiff a covenant not to sue. Counsel further expressed the view that no further recovery could be had against Wilson. No formal motion, however, was made in respect thereto. The court refused to allow the motion made after verdict by the attorneys for the defendants Camp, to credit the sum of $1,000 on the judgment, which sum had been paid to plaintiff by the additional defendant Wilson pursuant to the terms of the covenant not to sue, because the existence of the "covenant not to sue in this case was not raised in the pleadings, and the jury was given no opportunity to consider the matter, as was done in the case of *Dr. R. F. Holland v. Southern Public Utilities Company,* reported in 208 N.C. at 289."

It is generally conceded that where there are joint tort-feasors there can be but one recovery, and a settlement with one is a release of the other. *Sircey v. Rees,* 155 N.C. 296, 71 S.E. 310; *Slade v. Sherrod,* 175 N.C. 346, 95 S.E. 557; *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659. But, where the injured party settles with one of the joint tort-feasors and does not give a release but, instead, merely a covenant not to sue, the remaining joint tort-feasors are not released. Even so, if the injured party proceeds against the remaining joint tort-feasors and obtains a

judgment against them, such remaining joint tort-feasors are entitled to have the amount paid for the covenant not to sue credited on said judgment. *Brown v. R.R.*, 208 N.C. 423, 181 S.E. 279; *Holland v. Utilities Co.*, 208 N.C. 289, 180 S.E. 592; *Slade v. Sherrod, supra; Mason v. Stephens*, 168 N.C. 370, 84 S.E. 527; G.S. 1-242; 76 C.J.S., Release, section 50 (c), page 691, *et seq.;* 45 Am. Jur., Release, section 4, page 676, *et seq.* See Anno. — Crediting Sum Received from Cotort-Feasor, 104 A.L.R. 932, where the authorities supporting the above view are collected from thirty jurisdictions, including North Carolina.

An examination of the authorities tend to show that it is permissible to plead a covenant not to sue, as was done in *Holland v. Utilities Co., supra.* But, such procedure is not the only way by which other joint tort-feasors may obtain credit for the amount paid for a covenant not to sue. Moreover, some courts hold that the introduction of a covenant not to sue is prejudicial to the plaintiff. In the case of *DeLude v. Rimek*, 351 Ill. App. 466, 115 N.E. 2d 561, the Court said: "It is well understood by lawyers and judges experienced in such matters that in a case where evidence is offered of the payment of a substantial sum for a covenant not to sue, the jury considers it evidence that the covenantee is the party responsible for the injury, and that defendant or defendants should be exculpated. Hence, there is always an effort on the part of the defense to put the covenant before the jury and to make the most of it during the course of the trial. In the instant case, time and again, and with far more repetition than was necessary to preserve their record, defendants stressed their objections to evidence of damages, on the ground that the covenantee had paid such damages." The Court then held: "While the amount paid under a covenant not to sue should be deducted from the total damages sustained, we hold it is the function of the jury to find the plaintiff's total damages, and the function of the judge, upon application of the defendant after verdict, to find the amount by which such verdict should be reduced by virtue of any covenant made by the plaintiff with another concerned in the commission of the tort."

Likewise, in *Schumacher v. Rosenthal* (U.S.C.A. 7th Cir.), 226 F 2d 946, the sum of $5,000 was paid by the insurance carrier of one of defendant's salesmen and a covenant not to sue was given to the salesman by the plaintiff. In the trial against the defendant, the existence of a covenant not to sue was not disclosed. A verdict of $12,000 was obtained against the defendant. After verdict, the defendant filed a motion to credit the judgment in the sum of

$5,000, the amount paid for the covenant not to sue. The motion was allowed and the Circuit Court held " * * * the district judge correctly allowed defendant's motion." *New York, C. & St. L.R. Co. v. American Transit Lines,* 408 Ill. 336, 97 N.E. 2d 264; *Aldridge v. Morris,* 337 Ill. App. 369, 86 N.E. 2d 143; *Brown v. R.R., supra.*

In the last cited case the plaintiffs instituted an action against D. B. Archbell, Norfolk Southern R. Co., C. F. Garner and C. C. Fry, alleging an unlawful conspiracy in restraint of trade. The action was nonsuited at the September Term 1929, Moore Superior Court, and reversed on appeal. *Lewis v. Archbell,* 199 N.C. 205, 154 S.E. 11.

Thereafter, on 15 September 1931, the plaintiffs came into court and took a voluntary nonsuit as to D. B. Archbell and Norfolk Southern R. Co., agreeing in open court not to sue said defendants "for any matter or thing growing out of or alleged in the complaint in this cause."

The cause came on for trial against the defendants C. C. Fry and C. F. Garner at the September Term 1933, Moore Superior Court, and resulted in a verdict and judgment for plaintiffs. The jury fixed the damages at $600.00 and judgment was rendered for treble this amount as provided in C.S. 2574, now G.S. 75-16. On appeal, the judgment was affirmed. *Lewis v. Frye,* 207 N.C. 852, 175 S.E. 717.

A motion to credit judgment with partial payment was filed by the defendants on 29 December 1934, while execution was in the hands of the sheriff. Motion denied, but reversed on appeal.

*Stacy, C.J.,* speaking for the Court, said: "His Honor was evidently of the opinion that the failure to bring the matter to the attention of the court at the time of trial, as was done in *Holland v. Utilities Co., ante,* 289, deprived movants of their right to have the judgment * * * credited with the amount paid plaintiffs by their codefendants for the covenant not to sue. * * *

"It is provided by C.S. 620 (G.S. 1-242), that payments made upon docketed judgments and not entered of record, may be credited upon motion and hearing. True, the amount received by plaintiffs for the covenant not to sue some of the defendants was not strictly within the terms of this statute, nevertheless it would seem to be within its spirit. The payment inured to the benefit of the movants. * * *

"That movants are not entirely out by their laches — the execution being still in the hands of the sheriff — is supported, in tendency at least, by what was said, and the authorities cited, in *Williams v. Dunn,* 158 N.C. 399, 74 S.E. 99."

Furthermore, the fact that one who procures a covenant not to

sue is found by the jury not to be a joint tort-feasor, does not defeat the right of those who were found liable for injuries and damages upon which the covenant not to sue was bottomed, to have the amount paid for the covenant not to sue credited on the judgment against them. *Holland v. Utilities Co., supra; Gelsmine v. Vignale,* 11 N.J. Super. 481, 78 A 2d 602.

In light of the decisions and authorities cited herein, we hold that the defendants Camp are entitled to have the amount paid to the plaintiff by Jerry O. Wilson for the covenant not to sue credited on the judgment entered below in this cause. In our opinion, this view is not only supported by our decisions, but also upon the broad principle that no plaintiff should be permitted to recover twice for the same injury. *Holland v. Utilities Co., supra; Sircey v. Rees, supra.*

The ruling of the court below on defendants' motion for credit on the judgment of the amount paid for the covenant not to sue is reversed, and the cause remanded to the end that the credit requested may be entered on the judgment in this cause.

Error and remanded.