MATTIE BELL FORTE v. MARION COLE GOODWIN, AND JOSEPH FORTE, ADMINISTRATOR OF CLINTON FORTE, DECEASED.

(Filed 8 April, 1964.)

**1. Automobiles § 41c—**

Plaintiff passenger was injured in a head-on collision of two automobiles on a dirt road in the dust raised by a third car. Testimony of witnesses respectively that at least a part of each driver's vehicle was to the left of his center of the highway takes the issue as to the negligence of each driver to the jury. G.S. 20-146.

**2. Trial § 33—**

The fact that the statement of one witness was attributed by the court to another witness *held* not prejudicial, appellant having failed to call the court's attention to the inadvertence before the jury retired.

**3. Automobiles § 40—**

Testimony of the investigating officer that one of the drivers made a statement to the effect that he was on the left of his center of the highway *held* competent as a declaration against interest in an action against such driver's administrator.

APPEALS by defendants from *Cowper, J.,* August-September 1963 Civil Session of WAYNE.

Plaintiff, a passenger in a Chevrolet owned and operated by her husband, Clinton Forte, was injured when it collided with a Ford owned and operated by defendant Goodwin. The collision occurred about 6:30 p.m. on September 9, 1961. The Chevrolet was going west on a dirt road. The Ford was traveling east. A westbound automobile was ahead of the Chevrolet. It created a cloud of dust. The Chevrolet and Ford collided head-on in the dust cloud. Plaintiff alleged the collision was caused by the joint and concurring negligence of Goodwin and her husband in that each was driving with at least a portion of his vehicle to his left of the center of the highway.

Each defendant denied the allegations of negligence. Each alleged he was on his proper side of the road, and the other driver was on the wrong side of the road. The road was 28 feet wide. The driver of the Chevrolet died a few days after, and as a result of, the collision.

Issues arising on the pleadings were submitted to the jury. It found plaintiff was injured by the negligence of each driver. It awarded damages. Judgment was entered on the verdict. Each defendant appealed.

*Dees, Dees & Smith for plaintiff appellee.*
*Braswell & Strickland for Marion Cole Goodwin, defendant appellant.*
*Taylor, Allen & Warren by John H. Kerr, III, for the Estate of Clinton Forte, defendant appellant.*

PER CURIAM.

## GOODWIN'S APPEAL

Defendant Goodwin assigns as error the court's refusal to allow his motion to nonsuit. He argues all of the credible evidence shows he was at all times on his right side of the highway and the sole cause of the collision was the negligence of plaintiff's husband who was operating the Chevrolet entirely to the south of the center of the highway.

All of the evidence tends to show the collision occurred near the center of the highway. Almira Forte, an occupant of the Chevrolet, testified she saw the Ford as it approached, "It was in the middle of the road." Henrietta McNair, standing in her yard adjacent to the scene of the collision, said, "I saw the collision. The Forte car was, at the time of the collision, on the right hand side of the road."

The evidence was sufficient to permit a jury to find Goodwin was violating the provisions of G.S. 20-146. The credibility of the evidence was for the jury, not the court.

In stating plaintiff's contentions, the court told the jury the witness, Henrietta McNair, testified "she saw this white car (Ford) meeting them and that this white car was in the middle of the road." Henrietta did not so testify. The quoted testimony came from witness Almira Forte. If defendant deemed it prejudicial that the court attributed the testimony to the wrong witness, he should have called the court's attention to the inadvertent error before the jury retired. We are not impressed with the argument that defendant was prejudiced by the fact that the court mistakenly attributed the testimony to the wrong witness.

## FORTE'S APPEAL

The administrator assigns as error the court's refusal to allow his motion to nonsuit. In addition to the evidence offered by plaintiff, each defendant offered evidence. Goodwin testified he saw the Forte car coming. He (Goodwin) was then as far to his right as he could get. The collision occurred on his right side of the road.

A highway patrolman made an investigation 45 minutes after the collision occurred. He testified to the location of the vehicles and the apparent condition of the occupants. He talked with the drivers at the scene of the wreck. He was asked to relate his conversation with the driver of the Chevrolet. Over the administrator's objection, the witness was permitted to testify. He quoted Forte as saying: "I was following another car. * * * there was a lot of dust * * * I pulled to the left side of the road to get out of the dust and we had a wreck, collided, the vehicles collided."

Defendant administrator assigns the admission of this testimony as error. He relies on *Holmes v. Wharton*, 194 N.C. 470, 146 S.E. 93; and *Dowell v. Raleigh*, 173 N.C. 197, 91 S.E. 849.

The rule announced in those cases is not applicable to the facts of this case. Forte's statement to the highway patrolman was competent as a declaration against his interest. *Smith v. Perdue*, 258 N.C. 686, 129 S.E. 2d 293; *Smith v. Moore*, 142 N.C. 277, 55 S.E. 275.

When all of the evidence, rather than the testimony of a single witness is considered, it is sufficient to permit a finding that the driver of the Chevrolet was negligent, and his negligence was a proximate cause of plaintiff's injuries.

On Goodwin's appeal: No error.

On Forte's appeal: No error.