PAUL McNAIR, A MINOR REPRESENTED HEREIN BY CHANNIE McNAIR, HIS NEXT FRIEND v. MARION COLE GOODWIN, ORIGINAL DEFENDANT, AND JOSEPH FORTE, ADMINISTRATOR OF THE ESTATE OF CLINTON FORTE, ADDITIONAL DEFENDANT.

(Filed 20 May, 1964.)

**1. Torts § 7—**

Since there can be only one recovery by the injured party for a single tort, a release of one tort-feasor releases all.

**2. Same—**

A covenant not to sue does not extinguish a cause of action for tortious injury, and therefore a covenant not to sue one joint tort-feasor does not release the others, although the others are entitled to a credit for the amount paid as consideration for the covenant on any judgment thereafter obtained against them by the injured party.

**3. Same—**

A judgment against one of two or more joint tort-feasors, followed by an acceptance of satisfaction, bars any further legal proceeding against the other tort-feasors even though the judgment attempts to reserve the rights of the injured party against them.

**4. Same—**

In a proceeding to obtain authorization of the court for the execution by the guardian *ad litem* for a minor of a covenant not to sue one joint tort-feasor, the order of the court approving the amount and authorizing the guardian *ad litem* to execute the covenant is not a judgment extinguishing the cause of action and barring further proceedings against the other tort-

McNair v. Goodwin.

feasors, notwithstanding the order recites the minor's "claim" and "compromise and settlement of the claim."

**5. Judgments § 4—**

The effect of an order or judgment is not determined by its recitals but by what may or must be done pursuant thereto.

**6. Torts § 8;    Compromise and Settlement—**

Compromise agreements are governed by legal principles applicable to contracts generally, and must be mutually binding.

**7. Same—**

Where the language of a release is clear and explicit the courts must declare the plain meaning irrespective of what either party thought the contract to be.

**8. Same—**

A contract releasing any and all causes of action whatsoever which the releasor has, or which may thereafter in any way grow out of the accident specified, bars the payee-releasor as well as the payor-releasee from thereafter maintaining a cross-action against the other for contribution pursuant to G.S. 1-240, and further provisions of the release that payment made thereunder should not be construed as an admission of liability and that it was understood that the injuries for which the release was given might be permanent and recovery therefrom uncertain, etc., clarifies rather than restricts the coverage of the release.

APPEAL by defendant, Marion Cole Goodwin, from *Cowper, J.,* September 1963 Civil Session of WAYNE.

*James N. Smith for plaintiff.*
*Braswell & Strickland for defendant Marion Cole Goodwin.*
*Taylor, Allen & Warren, and John H. Kerr, III, for Additional Defendant Forte, Administrator.*

MOORE, J.  This is an action to recover damages for personal injury suffered by plaintiff as a result of a collision of automobiles. This is the collision described in *Forte v. Goodwin,* 261 N.C. 608.

About 6:30 P.M. on 9 September 1961, on secondary road No. 1235 in Wayne County, a Chevrolet owned and operated by Clinton Forte collided with a Ford owned and operated by Marion Cole Goodwin. Clinton Forte died as a result of injuries received in the collision and Joseph Forte qualified as administrator of his estate.

On 8 September 1962 Goodwin, in consideration of $3595 paid him by or on behalf of the Forte estate, executed and delivered to the Forte estate a paper writing entitled "Release of all Claims."

Paul McNair, a resident of New York, was a passenger in Clinton Forte's Chevrolet at the time of the collision and was allegedly injured thereby. He was a minor. By the authority and approval of an order of the Supreme Court of King's County, State of New York, Paul McNair and his mother, Charmie McNair, acting as his guardian *ad litem* (his father is dead), in consideration of $5000, executed and delivered to the Forte estate an instrument entitled "Covenant not to Sue," dated 2 March 1963.

On 20 March 1963 Paul McNair, by next friend, instituted the present action against Goodwin. Goodwin, answering, denies that he was negligent or in any way responsible for McNair's alleged injuries, and, further answering (1) pleads the order of the New York court and the "Covenant not to Sue" as a complete bar to the action, asserting that they constitute a release of joint tort-feasor Forte, and (2) alleges that Clinton Forte was concurrently negligent and jointly responsible for the collision and his administrator should be made an additional defendant for the purpose of contribution, pursuant to G.S. 1-240.

The administrator of the Forte estate was made an additional party defendant and filed answer to defendant Goodwin's cross-action for contribution, setting up Goodwin's "Release of all Claims" as a bar to the cross-action.

The court heard and considered the pleas in bar preliminary to a trial of the issues raised upon the allegations of the complaint. The facts with respect to the pleas in bar were stipulated and agreed. It was adjudged that the order of the New York court and the "Covenant not to sue" *do not bar* plaintiff McNair's action against defendant Goodwin, and that the "Release of all Claims" *bars* defendant Goodwin's cross-action for contribution against the Forte estate. Defendant Goodwin appeals.

(1). Defendant Goodwin contends that the order of the New York court and the "Covenant not to Sue," considered together, constitute a release of the Clinton Forte estate by plaintiff, and he, Goodwin, is thereby released.

A valid release of one of several joint tort-feasors releases all and is a bar to a suit against any of them for the same injury. This is true for the reason that the injured party is entitled to but one satisfaction, the cause of action is indivisible, and the release operates to extinguish the cause of action. *Simpson v. Plyler,* 258 N.C. 390, 128 S.E. 2d 843; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659; *Howard v. Plumbing Co.,* 154 N.C. 224, 70 S.E. 285. But a covenant not to sue does not release and extinguish the cause of action, and the cause of action may be maintained against the remaining tort-feasors notwithstanding the

covenant. *Simpson v. Plyler, supra; Slade v. Sherrod,* 175 N.C. 346, 95 S.E. 557. The remaining tort-feasors are entitled, however, to have the amount paid for the covenant credited on any judgment thereafter obtained against them by the injured party. *Ramsey v. Camp,* 254 N.C. 443, 119 S.E. 2d 209; *Holland v. Utilities Co.,* 208 N.C. 289, 180 S.E. 592.

The question for decision is whether the instrument executed and delivered by plaintiff to the Forte estate is what it purports to be, a covenant not to sue, or a release.

The order of the Supreme Court of King's County, New York, recites that plaintiff and his mother, as his guardian *ad litem,* applied "for approval of a settlement of a claim . . . against Clinton Forte for damages for personal injuries" resulting from the collision in question, and that from a hearing of oral and documentary evidence and a full examination of all the facts it appeared satisfactorily to the court "that the acceptance of the aforementioned settlement of the said infant's claim would be in his best interests. . . ." Thereupon, it was "ordered that the compromise and settlement of the said claim for the sum of $5000" be approved, and it was further "Ordered, that the Guardian *ad Litem* execute a covenant not to sue the said Clinton Forte or his estate in conformity with the laws of North Carolina so as to preserve the rights of the said infant to prosecute a claim against Marion Goodwin . . ."

Thereafter, on 2 March 1963, plaintiff and his mother, as guardian *ad litem,* executed the "Covenant not to Sue," which is in pertinent part as follows: ". . . I, Paul McNair, . . . for the sole consideration of . . . $5000 . . . do hereby covenant and agree . . . that I will not institute any suit against the estate of the said Clinton Forte . . . on account of the injuries and damages sustained by me resulting or to result from an accident which occurred on or about September 9, 1961" (the collision in question is here referred to). The instrument further recites that the estate of Clinton Forte does not admit liability, "but expressly denies all negligence and responsibility for the accident."

The "Covenant not to Sue," considered alone, is clearly what its caption implies; it is not a release. By its terms plaintiff surrenders only his right to sue the Forte estate upon his cause of action. We do not understand that appellant contends otherwise. Appellant's position is that the New York court was dealing with the "settlement of plaintiff's claim" against the Forte estate, "compromise and settlement of the claim," that plaintiff's "claim" and cause of action are one and the same thing, and that the order was in effect a judgment satisfying the claim and extinguishing the cause of action. With this interpretation

we do not agree. The rule is that where there has been a judgment against one of two or more joint tort-feasors, followed by an acceptance of satisfaction, all other joint tort-feasors are thereby released, and the judgment and satisfaction may be successfully pleaded by them as a bar to the maintenance of the same or another suit by the same plaintiff involving the same cause of action; this is true even if the judgment attempts to reserve the rights of the injured party against the other tort-feasors. *Simpson v. Plyler, supra.* The order of the New York court is not a judgment against the Forte estate, the estate was not a party to the proceeding. The order was not a judgment against anyone; no payment could have been enforced pursuant thereto. Without the subsequent execution of the "Covenant not to Sue" it would have been of no effect. The effect of an order or judgment is not determined by its recitals, but by what may or must be done pursuant thereto. The only purpose of the proceeding and order was to obtain and grant authority for the execution of the covenant by and on behalf of plaintiff, he being a minor. The court approved the amount he was to receive and authorized his guardian *ad litem* to execute on his behalf "a covenant not to sue . . . in conformity with the laws of North Carolina so as to preserve the rights of the said infant to prosecute a claim against Marion Goodwin." Before a valid release, binding upon the minor, could have been executed a further order would have been necessary. The actual instrument executed pursuant to the order is the controlling factor in this situation. Had the order authorized a release and the parties, upon the consideration approved, executed a covenant not to sue, instead of a release, it would seem that the result would be, as to third parties, a covenant not to sue.

(2). In consideration of the receipt of $3595 defendant Goodwin executed and delivered to the Forte estate an instrument entitled "Release of all Claims." Goodwin contends that the intent and effect of the instrument is to acquit the Forte estate of all claims, demands and causes of action he, Goodwin, had on account of any and all personal injuries and property damage he suffered or might suffer by reason of the collision, but that it does not release his right of cross-action, pursuant to G.S. 1-240, for contribution. The administrator of the Forte estate insists, on the contrary, that it releases all manner of claims and causes of action accruing to Goodwin on account of the collision, including claim for contribution.

The release, omitting formalities and nonessentials, is as follows:

". . . (T)he undersigned . . . does hereby . . . release, acquit and forever discharge the Estate of Clinton Forte, deceased, . . .

of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of services, expenses and compensation whatsoever, which the undersigned now has . . . or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident (here describing the collision) . . .

". . . (T)his settlement is the compromise of a doubtful and disputed claim, and . . . the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and . . . said releasees deny liability therefor and intend merely to avoid litigation and buy their peace.

"The undersigned hereby declares and represents that the injuries sustained are or may be permanent and progressive and recovery therefrom is uncertain and indefinite and in making this release it is understood and agreed that the undersigned relies wholly upon the undersigned's judgment . . ."

We have had no occasion heretofore to consider a case involving the exact factual situation here presented. We have construed the effect of a general release, between defendants, in a cross-action for contribution, but in those cases the original defendant was payor-releasee and the additional defendant was payee-releasor. *Snyder v. Oil Co.*, 235 N.C. 119, 68 S.E. 2d 805; *Herring v. Coach Co.*, 234 N.C. 51, 65 S.E. 2d 505. In these cases it was held that the release barred the cross-action. But it is suggested that these cases are not decisive of the instant case because here the original defendant is payee-releasor and the additional defendant is payor-releasee. It is true that the opinion in the Snyder case employs the following language: "The adjustment of said claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of the oil company (original defendant) and the nonliability, or at least the waiver of the liability, of the defendant Dixon (additional defendant)." (Parentheses added). Considered alone, this language seems to indicate that the decision rests on the admission of liability on the part of the original defendant which precludes it from claiming contribution as against the additional defendant (payee-releasor). This, however, is a strained construction. The opinion states further: "By said compromise settlement each party *bought his peace* respecting *any liability created by the collision* . . . *Neither party* thereafter had any right to pursue the other in respect to *any liability* arising out of alleg-

ed negligence proximately causing the collision which is the subject matter of this suit. 'A concluded agreement of compromise must, in its nature, be as obligatory as any other, and *either party* may use it whenever its stipulations or statements of fact become material evidence for him'." (Emphasis added). In other words, the opinion states that both parties are bound and, as between them, each has bought his peace.

In the instant case the additional defendant (payor-releasee) does not admit any liability. On the contrary, the release stated that "said releasees deny liability . . . and intend merely to avoid litigation and buy their peace." In *Forte v. Goodwin,* 261 N.C. 608, the jury found that both parties (to the release in the instant case) were liable. We do not suggest that that result settles the matter, but we do emphasize that there is nothing to justify the assumption that there is any admission of liability on one part and of nonliability on the other.

Appellant states in his brief that "under the facts in the case now before the Court, it has been pretty well established that the estate of Clinton Forte (additional defendant and payor-releasee) could not join Marion Cole Goodwin (original defendant and payee-releasor) for purposes of contribution." If this be true, Goodwin cannot join the Forte estate for contribution. If the contract binds the Forte estate, it also binds Goodwin. Contracts are mutually binding; a contract of release may be pleaded by each party as a bar to suit by the other with respect to the subject matter of the release.

In the instant case there was only one collision, but several distinct causes of action grew out of the one collision, including Goodwin's cause of action against the Forte estate and McNair's cause of action against Goodwin. But where the subject matter of the release is all damages growing out of the collision giving rise to causes of action affecting the parties to the release, the release is not limited in coverage to the single cause of action of one of the parties alone for damages suffered by him directly. *Houghton v. Harriss,* 243 N.C. 92, 89 S.E. 2d 860. "Compromise agreements are governed by the legal principles applicable to contracts generally. As a consequence, a compromise agreement is conclusive between the parties as to matters compromised. . . . But it does not extend to matters not included within its terms." *Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410.

Insofar as its terms apply to the facts of the instant case the contract releases "any and all actions, (and) causes of action . . . *whatsoever,* which the undersigned (Goodwin, original defendant) now has . . . or which may hereafter accrue on account of or *in any way growing out of . . . bodily and personal injuries and property damage*

. . . resulting or to result from the *accident.*" (Emphasis added). The personal injuries to plaintiff McNair resulted from the *accident* referred to in the release. His action against Goodwin is based thereon. By reason of McNair's injuries in said accident and his action to recover therefor from Goodwin, the latter's cross-action for contribution accrued. The "cause of action" for contribution certainly is embraced within the term, "causes of action *whatsoever.*" The terms of the release clearly include the cross-action for contribution. Where a written agreement is explicit, the court must so declare, irrespective of what either party thought the effect of the contract to be. *Howland v. Stitzer,* 240 N.C. 689, 84 S.E. 2d 167. The plain provisions of the release are sufficient to bar any manner of claim or action, arising out of damages caused by the collision in question, which Goodwin may assert against the Forte estate.

In the argument in this Court counsel for appellant conceded that the first paragraph of the release (the language referred to in the next preceding paragraph) is probably broad enough to bar the cross-action, and appellant's brief states, "This is very broad language and is the language used in general releases." Appellant insists, however, that the second and third paragraphs of the release restrict the meaning of the first paragraph and show that it was the intent of the parties to contract only with respect to damages suffered directly by Goodwin.

We find nothing in the second and third paragraphs of the release which restricts the scope and effect of the first paragraph. The second paragraph purports only a denial of liability by the payor. The third paragraph makes it clear that releasor is relying solely upon his own judgment and realizes that injuries caused by the accident may be permanent and progressive and may be of a nature and extent not apparent at the date of the release. These paragraphs clarify rather than restrict the first paragraph.

The judgment below is

Affirmed.