ROSE B. THRIFT v. FREDERICK HARDING TRETHEWEY.

(Filed 2 February, 1968.)

**1. Torts § 7—**

Since there can be only one recovery by the injured party for a single tort, a release of one tort-feasor releases all.

**2. Same—**

A covenant not to sue does not extinguish a cause of action for tortious injury, and therefore a covenant not to sue one joint tort-feasor does not release the others, although the others are entitled to a credit for the amount paid as consideration for the covenant on any judgment thereafter obtained against them by the injured party.

**3. Same— Agreement to distribute funds of one tort-feasor held not to bar action against other tort-feasor.**

Pursuant to a covenant not to sue executed in favor of one tort-feasor, plaintiff, her employer and its insurance carrier applied to the Industrial Commission for an order distributing the funds received by plaintiff in consideration for her covenant not to sue. The order of the Commission recited in part that the sum of money paid to plaintiff is in full satisfaction of all her rights against the named tort-feasor. *Held:* The order of the Commission is ineffectual to extinguish the tort-feasor's liability to plaintiff or to bar the plaintiff from maintaining the present action against the other tort-feasor, since the agreement underlying the order relates solely to rights and liabilities as between plaintiff and her employer and its carrier.

APPEAL by defendant from *Hasty, J.,* May 8, 1967 Schedule D Non-Jury Session of MECKLENBURG.

This appeal is from an order striking from defendant's pleading the portion thereof filed April 11, 1967, entitled "Further Amendment to Answer," relating to matters alleged by defendant as a *third* further answer and defense and as a bar to plaintiff's right to recover.

The pleadings disclose these undisputed facts: On January 29, 1965, between 9:00 and 9:30 a.m., plaintiff, an employee of "Five Point Cleaners," was at work in the building on the northwest corner at the intersection of East Boulevard and Scott Avenue in Charlotte, North Carolina. Two automobiles, one operated by defendant (Trethewey) and the other by George P. Canipe, collided within said intersection; and following the collision the Trethewey car struck and entered said building and thereby injured plaintiff.

Plaintiff alleged her injuries were proximately caused by the negligence of Trethewey. Trethewey, answering, denied plaintiff's injuries were proximately caused by any negligence on his part, and alleged *two* further answers and defenses.

As a *first* further answer and defense, defendant alleged that the negligence of Canipe was the sole proximate cause of plaintiff's injuries.

As a *second* further answer and defense, defendant alleged, *inter alia,* that plaintiff, prior to her institution of this action, had entered into a "written agreement" with Canipe whereby plaintiff had settled her claim against Canipe for "a substantial sum of money," which was paid to her by Canipe or on his behalf.

Pursuant to plaintiff's motion therefor, Riddle, J., then presiding, conducted a hearing, without a jury, to consider the legal significance of the "written agreement" referred to in defendant's *second* further answer and defense. The "written agreement," which was produced at the hearing before Judge Riddle, was executed by plaintiff and by Everett A. Thrift. Therein, the Thrifts acknowledged the receipt of $2,650.00 and, in consideration thereof, covenanted they would assert no further claim against Canipe on account of said collision of January 29, 1965.

Judge Riddle ruled said written agreement "is, as a matter of fact and as a matter of law, a COVENANT NOT TO SUE and is not a release." Defendant was granted leave to amend his *second* further answer and defense "so as to plead the aforesaid COVENANT NOT TO SUE and to delete from his said Second Further Answer and Defense any reference thereto that said agreement is in fact a release rather than a COVENANT NOT TO SUE."

Defendant did not except to Judge Riddle's order. On September 16, 1966, defendant filed an "Amendment to Answer" in which he al-

leged, as a *second* further answer and defense, that plaintiff had received $2,650.00 "in settlement of her claim against the said George P. Canipe and in consideration of her agreement not to file suit against the said George P. Canipe"; that this payment constituted full compensation for plaintiff's injuries; and that, if plaintiff should recover from defendant in this action, the $2,650.00 paid to plaintiff by Canipe should be credited on plaintiff's judgment against defendant.

On April 11, 1967, pursuant to leave granted by Clarkson, J., defendant filed a "Further Amendment to Answer," this being the pleading stricken by the order of Hasty, J., from which defendant prosecutes this appeal.

In said "Further Amendment to Answer," defendant alleged in substance, as a *third* further answer and defense, the following: Plaintiff received from Canipe, in settlement of her claim against him, the sum of $2,650.00, and applied to the North Carolina Industrial Commission for an order providing for the distribution thereof. Pursuant to such application, the Commission entered an order on February 23, 1966, in the proceeding entitled *"Rose B. Thrift, Employee, Plaintiff, v. Five Point Cleaners, Employer; Shelby Mutual Insurance Co., Carrier; Defendants. — George P. Canipe, Third Party Tort-Feasor,"* referred to below. On or about February 4, 1966, plaintiff entered into an agreement entitled, "Clincher Agreement and Request for Distribution of Third Party Recovery," referred to below, which bars any right of plaintiff to recover herein.

The parties to the "Clincher Agreement and Request for Distribution of Third Party Recovery" are Rose B. Thrift, Employee, Five Points Cleaners, Employer, and Shelby Mutual Insurance Company, Carrier. It contains general recitals as to the circumstances under which plaintiff sustained injuries on January 29, 1965, and as to the nature and extent of her injuries and the treatment therefor. It recites that plaintiff, on January 27, 1966, less than one year from the date of accident, had accepted $2,650.00 by way of compromise with the insurance carrier of one of the vehicles involved in the collision. It recites that "(t)his compromise was effected by execution of a Covenant Not to Sue and on January 28, 1966, suit was instituted against the other party involved in the collision through the employee's attorneys . . ." It recites the carrier, in order to facilitate the compromise, had waived a portion of its subrogation rights. By the terms of the agreement, the $2,650.00 is to be disbursed as thereafter provided in the Commission's order of February 23, 1966. The employee waived her rights, if any, against her employer and its carrier for additional compensation in the event of changed

conditions; and the carrier waived any and all rights it might have under the Workmen's Compensation Act for subrogation as to a recovery by plaintiff "against any and all third party tort-feasors arising out of the accident of January 29, 1965, . . ."

The order of February 23, 1966, *recites:* Plaintiff's employer and its carrier admitted the injuries sustained by plaintiff on January 29, 1965, were compensable; and that the carrier had paid, as compensation and medical expenses, the sum of $951.43. Plaintiff and Canipe, pursuant to negotiations, had settled all matters in dispute between them for $2,650.00. "A release embodying the terms of said agreement ha(d) been properly executed by all parties concerned and submitted to the Industrial Commission."

The order of February 23, 1966, *provides* that the $2,650.00 be distributed as follows: (1) $713.57 to the carrier, which agreed to accept this amount in full satisfaction of its subrogation rights; and (2) $1,936.43 to plaintiff in full satisfaction of all her rights against Canipe. It *provides* that the attorney fee is to be paid by plaintiff and by the carrier in proportion to the amount each received out of said recovery, "not to exceed 33⅓% thereof."

The court, allowing plaintiff's motion, entered an order striking the "Further Amendment to Answer" filed by defendant on April 11, 1967. Defendant excepted and appealed.

*Wardlow, Knox, Caudle & Wade for plaintiff appellee.*
*Grier, Parker, Poe & Thompson and Gaston H. Gage for defendant appellant.*

BOBBITT, J.    Legal principles pertinent to decision on this appeal are summarized by Moore, J., in *McNair v. Goodwin,* 262 N.C. 1, 136 S.E. 2d 218, as follows: "A valid release of one of several joint tort-feasors releases all and is a bar to a suit against any of them for the same injury. This is true for the reason that the injured party is entitled to but one satisfaction, the cause of action is indivisible, and the release operates to extinguish the cause of action. *Simpson v. Plyler,* 258 N.C. 390, 128 S.E. 843; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659; *Howard v. Plumbing Co.,* 154 N.C. 224, 70 S.E. 285. But a covenant not to sue does not release and extinguish the cause of action, and the cause of action may be maintained against the remaining tort-feasors notwithstanding the covenant. *Simpson v. Plyler, supra; Slade v. Sherrod,* 175 N.C. 346, 95 S.E. 557. The remaining tort-feasors are entitled, however, to have the amount paid for the covenant credited on any judgment thereafter obtained against them by the injured party. *Ramsey v. Camp,* 254 N.C. 443, 119 S.E. 2d 209; *Holland v. Utilities Co.,* 208 N.C. 289, 180 S.E. 592."

The "written agreement" between plaintiff and Canipe, originally pleaded by defendant as a bar to recovery, is in the record before us. After a hearing, Judge Riddle held this "written agreement" to be a covenant not to sue, not a release. Upon application of legal principles set forth in *Simpson v. Plyler*, 258 N.C. 390, 128 S.E. 2d 843, the ruling was correct. Be that as it may, defendant did not except to Judge Riddle's ruling and order. On the contrary, in the "Amendment to Answer" filed by defendant on September 16, 1966, relating to his *second* further answer and defense, defendant alleged the consideration for Canipe's payment to plaintiff was "her agreement not to file suit against . . . Canipe." The said "written agreement," being a covenant not to sue, did not release and extinguish plaintiff's cause of action against Canipe and does not constitute a bar to plaintiff's right to maintain this action against defendant.

The said "written agreement," a covenant not to sue, is the only agreement between plaintiff and Canipe referred to in defendant's pleadings.

The "Clincher Agreement and Request for Distribution of Third Party Recovery," referred to in defendant's "Further Amendment to Answer," is an agreement between plaintiff, her employer and its insurance carrier. It relates to the distribution as between plaintiff and said carrier of the $2,650.00 plaintiff had received from Canipe in consideration of her covenant not to sue Canipe. Canipe is not a party to this agreement. It does not affect the rights of plaintiff and Canipe *inter se*.

The Commission's order of February 23, 1966, which merely implements the "Clincher Agreement," has no bearing upon the rights of plaintiff and Canipe *inter se*. Although the name, "George P. Canipe, Third Party Tort-Feasor," appears in the caption, Canipe was not a party to the proceeding. When considered in context, the provision in the Commission's order that $1,936.43 be paid to plaintiff "in full satisfaction of all her rights against the above named third party tort-feasor by reason of the injury to said plaintiff on January 29, 1965," refers to plaintiff's share of the $2,650.00 paid by Canipe as consideration for plaintiff's covenant not to sue. See G.S. 97-10.2(f)(1)(d). The Commission had no jurisdiction to extinguish Canipe's liability to plaintiff or to bar plaintiff from maintaining an action against defendant. The fact Canipe had paid $2,650.00 to plaintiff in consideration of her covenant not to sue is the only circumstance that relates Canipe in any way to the proceeding before the Commission.

The "Clincher Agreement" and the Commission's order of February 23, 1966, relate solely to rights and liabilities as between plain-

tiff and her employer and its carrier. The allegations in defendant's "Further Amendment to Answer," purporting to allege a *third* further answer and defense, do not affect the rights of plaintiff and Canipe *inter se* which are defined in and established by plaintiff's covenant not to sue. The facts set forth therein are irrelevant and do not constitute a bar to plaintiff's right of action against defendant. Hence, the order of Judge Hasty is in all respects affirmed.

Affirmed.