DR. R. F. HOLLAND v. SOUTHERN PUBLIC UTILITIES COMPANY, INC.,
AND O. O. KEESLER.

(Filed 26 June, 1935.)

Torts C a—Defendant is entitled to credit of amount paid injured party by another, regardless of whether parties are joint tort-feasors.

There can be but one recovery for the same injury or damage, and a sum paid the injured party in consideration for a covenant not to sue the party making the payment should be deducted from the amount recoverable by the injured party for the same injury in his action against another tort-feasor upon allegations that the negligence of such tort-feasor proximately caused the injury, regardless of whether the party making payment and the party sued are joint tort-feasors, the injured party being entitled to recover only the amount of his damage, however many sources of compensation there may be.

APPEAL by defendants from *Hill, Special Judge,* at June Special Term, 1934, of MECKLENBURG. New trial.

This is a civil action instituted by the plaintiff to recover damages for personal injuries resulting from a collision between a street car and a truck, alleged to have been proximately caused by the negligence of the defendants in the operation of the street car owned by the corporate defendant and driven by the individual defendant on West First Street, between Church and Mint streets, in the city of Charlotte, Mecklenburg

10—208

County, North Carolina, on 18 September, 1933. The defendants deny that the plaintiff's injuries were caused by any negligence on their part, and, as a further defense, aver that such injuries were the result of a collision between a truck of the Southeastern Express Company and the street car of the defendants at the time and place alleged in the complaint, and that said collision was proximately caused by the negligence of said express company; and further aver that "prior to the institution of this action the plaintiff made claim against the Southeastern Express Company for the injuries sustained by him, and said company settled with the plaintiff and paid him in full for said injuries."

The plaintiff admitted, in the course of his examination as witness in his own behalf, that on 9 December, 1933, and prior to the institution of this action, he executed and delivered to the Southeastern Express Company an instrument in the following language:

"Know All Men By These Presents: That I, R. F. Holland, of Charlotte, Mecklenburg County, North Carolina, for myself, my heirs, executors, administrators, successors, and assigns, for and in consideration of the sum of five hundred and no/100 dollars to me paid, the receipt of which is hereby acknowledged, by this instrument agree to forever refrain from instituting, procuring, or in any way aiding any suit, cause of action, or claims against the Southeastern Express Company and all persons, firms, and/or corporations for whose acts or to whom said party or parties might be liable, for damages, costs, or expenses growing out of an accident occurring on or about 18 September, 1933, on West First Street, between Church and Mint streets, in the city of Charlotte, Mecklenburg County, North Carolina, and to save harmless and indemnify the parties aforesaid from all loss and/or expense resulting from any such suit, cause of action, or claim.

"Expressly reserving to the undersigned, however, all rights to proceed against any person or persons other than the parties aforesaid for all loss and/or expense arising out of said accident."

The plaintiff further admitted that he received $500.00 from the Southeastern Express Company upon delivery of this instrument.

Issues were submitted to the jury and answered as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did the Southeastern Express Company, by its negligence, jointly and concurrently contribute to plaintiff's injuries, as alleged in the answer? Answer: 'No.'

"3. Did the plaintiff covenant to refrain from suing the said express company, or any person to whom it would be liable, on account of the collision, as set forth in the complaint, and as alleged in the answer? Answer: 'Yes.'

"4. What damage, if any, has the plaintiff sustained on account of his alleged injuries?   Answer: '$500.00.' "

From a judgment that the plaintiff have and recover of them $500.00, the defendants appealed to the Supreme Court, assigning errors.

*W. S. O'B. Robinson, Jr., W. B. McGuire, Jr., and John S. Cansler for defendants, appellants.*

*Enos T. Taylor and H. L. Taylor for plaintiff, appellee.*

SCHENCK, J.   The record discloses that the defendants, in apt time and in due form, requested the court to charge the jury as follows: "If you find that the $500.00 paid the plaintiff by the Southeastern Express Company was full and adequate compensation for his injuries, then, no matter what your answer may be to the other issues, the plaintiff would not be entitled to recover any further damages in this action, and you will answer the fourth issue 'Nothing.'   In other words, if the plaintiff has already been fully and adequately compensated for any injury which he may have sustained at the time of this accident by the $500.00 which was paid him by the Southeastern Express Company, then he is not entitled to recover anything more, and, in such event, as I have already instructed you, it would be your duty to answer the fourth issue 'Nothing.' "   The court refused to give this special instruction, or the substance thereof, and we think in so doing the court erred.

All of the authorities are to the effect that where there are joint tort-feasors there can be but one recovery for the same injury or damage, and that settlement with one of the tort-feasors releases the others; and, further, that when merely a covenant not to sue, as distinguished from a release, is executed by the injured party to one joint tort-feasor for a consideration, the amount paid for such covenant will be held as a credit on the total recovery in actions against the other joint tort-feasors. *Slade v. Sherrod,* 175 N. C., 346.

It was admitted by the parties that on 9 December, 1933, before the institution of this action, a covenant not to sue was executed by the plaintiff in this case to the Southeastern Express Company, and that the express company paid and the plaintiff received $500.00 for said covenant, and that the covenant and the amount paid therefor grew out of "an accident occurring on or about 18 September, 1933, on West First Street, between Church and Mint streets, in the city of Charlotte, Mecklenburg County, North Carolina."

The plaintiff, however, argues that the answer to the second issue establishes the fact that the Southeastern Express Company was not a joint tort-feasor with the defendants, and that therefore the authorities

to the effect that an amount paid for a covenant not to sue will be held as a credit on the total recovery are not here applicable.

Conceding, but not deciding, that the answer to the second issue established, for the purposes of the trial had, that the express company and the defendants were not joint tort-feasors, we think the weight of both authority and reason is to the effect that any amount paid by anybody, whether they be joint tort-feasors or otherwise, for and on account of any injury or damage should be held for a credit on the total recovery in any action for the same injury or damage.

In an exhaustive and well-considered opinion, the Supreme Court of Errors of Connecticut, in *Dwy v. Connecticut Company,* 92 Atlantic Reports, pp. 883, 890, held that it was unnecessary to discuss a proposition predicated upon the contention that a third party, who, for a cash payment, had obtained from the plaintiff a covenant not to sue, was not a joint tort-feasor with defendant, and said: "When the right of action is once satisfied it ceases to exist. If part satisfaction has already been obtained, further recovery can only be had of a sufficient sum to accomplish satisfaction. Anything received on account of the injury inures to the benefit of all, and operates as payment *pro tanto.* This is the familiar rule where consideration has been received in return for covenants not to sue or in part payment, and it is the logical and reasonable one. *Snow v. Chandler,* 10 N. H., 92, 95, 34 Am. Dec., 140; *Chamberlin v. Murphy,* 41 Vt., 110, 119; *Bloss v. Plymale,* 3 W. Va., 393, 409, 100 Am. Dec., 752; *Ellis v. Eason,* 50 Wis., 138, 154, 6 N. W., 518, 36 Am. Rep., 830; *Musolf v. Duluth, etc., R. R. Co.,* 108 Minn., 369, 122 N. W., 499; 24 L. R. A. (N. S.), 451."

As negativing the argument that payment must be made by one of the joint tort-feasors in order to release the others, the Supreme Court of the United States, in *Lovejoy v. Murray,* 3 Wall., 1-19, 18 L. Ed., 129, 134, says: "But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages." If the payment in full for damages by one other than a joint tort-feasor operates as a full release of the joint tort-feasors, by the same token the payment in part for damages by one other than a joint tort-feasor should operate as a release *pro tanto* of the joint tort-feasors. Both reason and justice decree that there should be collected no double compensation, or even over compensation, for any injury, however many sources of compensation there may be.

Since the instrument executed by the plaintiff was merely a covenant not to sue the Southeastern Express Company on account of injuries suffered by him in the accident occurring on West First Street, between Church and Mint streets, in the city of Charlotte, on 18 September,

1933, the plaintiff is free to prosecute his action against the defendants for the recovery of such sum, when taken with that already received by him from the express company for said covenant, namely $500.00, as will afford him full satisfaction, and no more, for the injuries suffered by him in the same accident.

New trial.