EDWARD D. WRIGHT AND UNIGARD MUTUAL INSURANCE COMPANY v.
COMMERCIAL UNION INSURANCE COMPANY, ET AL.

No. 8226SC569

(Filed 2 August 1983)

1. **Rules of Civil Procedure § 15.1 — denial of motion to amend complaint — discretionary**

There was no abuse of discretion in the trial court's denial of plaintiffs' motion to amend their complaint fourteen months after the complaint was filed, a year after defendant's answer was filed, and a month after defendant's motion for summary judgment was made.

2. **Champerty and Maintenance § 1 — summary judgment properly entered**

The trial court properly entered summary judgment against plaintiffs on their claims of champerty and maintenance where defendant insurance company had a real interest in settling claims against its insured by a third party and where it made an agreement with the third party to settle the claim, which settlement included an agreement that the third party would attempt to collect a part of the damages from parties defendant insurance company reasonably believed were joint tort-feasors.

APPEAL by plaintiffs from *Grist, Judge.* Judgment entered 29 January 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 April 1983.

*Harrell and Leake, by Larry Leake, for plaintiff appellants.*

*Smith, Moore, Smith, Schell and Hunter, by Robert A. Wicker, for defendant appellee.*

WEBB, Judge.

Plaintiffs brought this action against defendant Commercial Union Insurance Company (Commercial) seeking damages resulting from Commercial's alleged champerty and maintenance. From summary judgment in favor of Commercial, plaintiffs appealed raising the questions of whether the trial court properly denied plaintiffs' motion to amend their complaint and whether the trial

court properly granted summary judgment for Commercial. For the reasons set forth below, we affirm.

## I

The undisputed factual situation is as follows:

In August 1971, Grady Paul Ridge and Nina Ridge were injured in an automobile accident which occurred when an International tractor owned by Wilson Transfer Company (Wilson Transfer) and driven by Fritz James Todd pulled out of its lane of traffic, crossed the median, and ran head-on into the Ridges' automobile. Todd's action in driving the truck across the median was apparently an effort to evade traffic which had backed up in his lane due to plaintiff Edward Wright's driving Roger Revels' automobile partially into the passing lane of the highway. At the time of the accident, American Employers Insurance Company, a member of Commercial, insured Wilson Transfer, and plaintiff Unigard Mutual Insurance Company (Unigard) insured Wright.

Nina Ridge sustained serious injuries in the collision, and Grady Paul Ridge received less serious injuries and some property damage. The Ridges retained the Lexington law firm of Wilson and Biesecker to represent their interests in the matter, and J. Lee Wilson of the firm notified Wright requesting that he inform his insurance carrier and that he get a representative from the carrier to contact him. The Ridges, through attorney Wilson also made claims against Commercial.

Commercial was willing to negotiate a settlement and sought Unigard's participation in settlement as joint tort-feasors. Unigard's response, by letter of Claim Supervisor Frank Court, was that its investigation showed that the proximate cause of the accident was the action of Todd in operating the truck insured by Commercial. Voluntary payment by Unigard did not appear in order but Frank Court did open up the possibility of paying "some nominal amount in order to defray the cost of litigation."

Commercial settled with Nina Ridge for $64,101.80 and with Paul Ridge for $13,050.00. In return for its payments, Commercial obtained covenants not to sue from both Ridges. On the same day that the Ridges signed the covenants not to sue, they also entered into an agreement with American Employers Insurance

Company (i.e. Commercial) which contained the following provisions:

1. The Ridges were to institute proceedings against Wright and Revels for recovery of damages in an amount not less than $107,611.73. They were to be represented by the law firm of Wilson and Biesecker and by Commercial's attorneys, Cockman, Alvis & Aldridge of Raleigh.

2. Commercial was to pay the firm of Cockman, Alvis & Aldridge. It was also to pay the expenses for depositions properly taxable to the Ridges and for costs assessed against the Ridges at either the trial or appellate level.

3. No settlement of the claims for the sum of $30,459.93 or less could be made by the Ridges without Commercial's consent unless the Ridges paid Commercial $23,345.94. If the settlement offers totalling as much as $15,000 were made to the Ridges and they failed to accept such offers, Commercial would not have had to pay any amount to the Ridges under the terms of the agreement.

4. Commercial agreed to pay the Ridges $15,000 if both cases were lost on the issue of negligence.

5. No sum was to be paid by Commercial to the Ridges under the agreement if the cases were settled, if judgment were obtained and the Ridges received any sum in satisfaction, or if the verdict was equal to or below the prior payment received by plaintiffs from the alleged joint tort-feasors.

6. If Commercial had to make any payment to the Ridges under the agreement, it had "the right to pursue and exercise the rights accruing under the judgment or judgments to the extent of such payment by [Commercial] to Ridges . . . and [it had] . . . the right to the first procedure recovery up to the extent of . . . [Commercial's] payment as specified . . . ." Amounts collected thereafter were to be the property of the Ridges up to the sum of $30,459.93, and amounts thereafter up to the sum of $23,345.94 were to belong to Commercial. All additional sums would have gone to the Ridges.

The Ridges did in fact sue Wright and Revels who joined Commercial's insureds Wilson Transfer and Fritz James Todd as

third-party defendants. Eventually, the third-party complaint was dismissed with prejudice by defendants and third-party plaintiffs who settled with the Ridges for $20,000. None of the settlement money was received by Commercial.

At some point during the lawsuit against its insureds, Unigard learned of the agreement between the Ridges and Commercial. In November 1980, plaintiffs initiated this lawsuit by filing a complaint alleging, among other things, that Commercial had no proper financial interest in the legal action of the Ridges against Wright and Revels and that Commercial's providing of legal counsel for the prosecution of the lawsuit was tortious and constituted an improper maintenance of a legal action. Plaintiff Revels took a voluntary dismissal without prejudice in October 1981. Commercial filed a motion for summary judgment two months later, and in January 1982, the two remaining plaintiffs filed a motion to amend their complaint to add the counts of abuse of process and fraud. The trial court allowed defendant's motion for summary judgment and denied plaintiff's motion to amend their complaint.

II

[1] Plaintiffs bring forward two assignments of error. First, they assign error to the trial court's denial of their motion to amend their complaint. G.S. 1A-1, Rule 15(a) states:

"A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . ."

It is clear from the facts of the present case that an amendment to plaintiffs' complaint was possible only by leave of court. In such cases, the trial court has broad discretion in its rulings on motions to amend, and those rulings are subject to reversal only when there has been abuse of that discretion. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119, *disc. rev. denied and appeal dismissed*, 294 N.C. 736, 244 S.E. 2d 154 (1978).

In the present case, the plaintiffs sought to amend their complaint fourteen months after the complaint was filed, a year after defendant's answer was filed, and a month after defendant's motion for summary judgment was made. Plaintiffs have failed to argue that justice requires such amendment at this point, and we can, therefore, find no abuse in the trial court's discretion in denying the motion.

[2]  The second argument brought forward by the plaintiffs is that the trial court erred in allowing defendant's motion for summary judgment. The basis of plaintiffs' argument is that there were genuine issues of fact concerning the claims of champerty and maintenance. We disagree.

The term "maintenance" has been defined by our courts as "an officious intermeddling in a suit, which in no way belongs to one, by maintaining or assisting either party with money or otherwise to prosecute or defend it." *Smith v. Hartsell*, 150 N.C. 71, 76, 63 S.E. 172, 174 (1908). "Champerty" is a form of maintenance whereby a stranger makes a "bargain with a plaintiff or defendant to divide the land or other matter sued for between them if they prevail at law, whereupon the champertor is to carry on the party's suit at his own expense." *Id.* The Supreme Court in the *Smith* case noted that many exceptions to the principles of champerty and maintenance have been recognized and that it has come to be generally accepted that an agreement will not be held to be within the condemnation of the principles "unless the interference is clearly officious and for the purpose of stirring up 'strife and continuing litigation.'" *Id., quoting* 5 Lawson on Rights and Remedies, § 2400.

In this case we do not believe there was any officious intermeddling by Commercial. Commercial had a real interest in settling the claims against its insureds by the Ridges. We see nothing wrong with its agreement with the Ridges to settle the claim, which settlement included an agreement that the Ridges would attempt to collect a part of the damages from parties Commercial reasonably believed were joint tort-feasors. We hold that all the evidence shows there was no champerty or maintenance.

We do not believe the agreement between the defendant and the Ridges is a "Mary Carter" agreement as argued by the plaintiffs. *See Booth v. Mary Carter Paint Co.*, 202 So. 2d 8 (Fla. App.

1967). A Mary Carter agreement is one in which a co-defendant secretly settles a case and continues as an ostensible co-defendant. The allowance of a sham defendant who may have an interest in seeing a verdict rendered against its ostensible co-defendant has been condemned by courts in other jurisdictions. In this case Commercial's insureds were not parties to the action filed by the Ridges against Wright and Revels. The jury would not have been misled by having a sham defendant in the case.

Affirmed.

Judges WHICHARD and BRASWELL concur.