CLARENCE WESLEY COX, JR. AND LINDA TUCKER COX, PLAINTIFFS v. ROBERT C. RHEIN INTEREST, INC.; KINGSTREE PARTNERSHIP LTD., A NORTH CAROLINA LIMITED PARTNERSHIP; AND THE KING CORPORATION OF CHARLOTTE, INC., A NORTH CAROLINA CORPORATION, DEFENDANTS

No. 8921SC1392

(Filed 6 November 1990)

**1. Damages § 10 (NCI3d) — flood damages — verdict against one defendant — credit for settlement with other defendants**

A judgment awarding plaintiffs $6,000 for flood damage was remanded for amendment of judgment to give defendant Rhein benefit of a $5,000 settlement with former codefendants where plaintiffs owned property downstream from defendants; defendant Rhein began construction of Phase I of a residential subdivision on one side of the branch; defendants King and Kingstree began construction Phase II; plaintiffs suffered flood damage; defendants King and Kingstree negotiated a settlement for $5,000; the jury awarded plaintiffs $6,000 in a trial against defendant Rhein only; and defendant Rhein's motion for a reduction in verdict equal to the settlement was denied. Plaintiffs treated defendants as joint tortfeasors in their complaint and sought damages for flood damage from all defendants' properties; the evidence reveals only a single indivisible injury; and, although plaintiffs contended that Rhein was responsible for flood damages incurred and that they settled with King and Kingstree for future flooding, plaintiffs were not entitled to recover in this action for future flooding. N.C.G.S. § 1B-4(1).

**Am Jur 2d, Damages §§ 559, 564.**

COX v. ROBERT C. RHEIN INTEREST, INC.

[100 N.C. App. 584 (1990)]

2. **Appeal and Error § 342 (NCI4th) — cross-assignment of error — failure to state alternative basis for verdict**

   Plaintiffs' cross-assignment of error to the denial of their motion for judgment n.o.v. or a new trial on damages in an action to recover flood damages did not present an alternative basis in law for supporting the judgment and was not properly before the Court of Appeals.

**Am Jur 2d, Appeal and Error §§ 653, 727.**

APPEAL by defendant Robert C. Rhein Interest, Inc. from judgment entered 22 June 1989 in FORSYTH County Superior Court by *Judge Lester P. Martin, Jr.* Heard in the Court of Appeals 23 August 1990.

Plaintiffs Clarence Wesley Cox, Jr. and Linda Tucker Cox brought this action against Robert C. Rhein Interest, Inc. [Rhein], Kingstree Partnership Ltd. [Kingstree], and The King Corporation of Charlotte, Inc. [King] alleging property flood damage caused by defendants' unreasonable use of land, negligent development of upstream land and failure to comply with certain erosion control laws.

Plaintiffs and defendants owned property adjacent to a stream known as Perryman Branch. Plaintiffs' property was located just south and downstream from defendants' properties. In 1986 defendants began constructing a residential subdivision known as "Kingstree." Rhein began Phase I of "Kingstree" on his property located west of Perryman Branch. King and Kingstree began Phase II of "Kingstree" on their properties located east of Perryman Branch.

In April 1987, on two separate occasions, plaintiffs experienced severe flooding during heavy rainfalls. Evidence tended to show that the mud and silt from defendants' properties caused damage to plaintiffs' shed located near Perryman Branch. Plaintiffs used this shed to store vehicles, farm equipment and plaintiffs' tile business supplies. Although Rhein had begun development of Phase I on his property several months before King and Kingstree began development of Phase II on their property, all defendants had begun at least initial development of their land at the time of the April 1987 flooding.

Prior to trial, King and Kingstree negotiated a settlement with plaintiffs for $5,000.00 in exchange for a complete release

COX v. ROBERT C. RHEIN INTEREST, INC.

[100 N.C. App. 584 (1990)]

as to claims against them. The trial proceeded against Rhein only. At the close of trial, the jury determined that Rhein created a nuisance by altering the flow of surface water and awarded plaintiffs $6,000.00 in damages. Rhein moved for a verdict reduction of $5,000.00—the amount of the pretrial settlement between plaintiffs and defendants King and Kingstree. The trial court denied Rhein's motion. Plaintiffs moved for judgment notwithstanding the verdict and/or a new trial as to damages. The trial court denied plaintiffs' motion. Defendant Rhein appeals. Plaintiffs cross-assign as error the trial court's denial of their motion for a new trial as to damages.

*T. Dan Womble for plaintiffs-appellees.*

*Womble Carlyle Sandridge & Rice, by Reid C. Adams, Jr., Clayton M. Custer and Beth Ann Spencer, for defendant-appellant.*

WELLS, Judge.

[1] Defendant Rhein contends the trial court erred in entering judgment and denying defendant's motion to modify or amend judgment pursuant to N. C. Gen. Stat. § 1B-4(1). Defendant contends G.S. § 1B-4(1) entitles it to a reduction in the verdict award entered against it in the amount equal to the $5,000.00 settlement between plaintiffs and original co-defendants, King and Kingstree. G.S. § 1B-4(1) states:

When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater. . . .

"Where one [joint] tort-feasor has settled with the injured party, the other tort-feasor, who has gone to trial, is entitled to have the judgment reduced by the amount of the settlement." *Ryder v. Benfield*, 43 N.C. App. 278, 258 S.E.2d 849 (1979) (*quoting Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E.2d 769 (1979) ). As part of the Uniform Contribution Among Tort-feasors Act, G.S. § 1B-1(1) provides rights of contribution among *joint tort-feasors*:

(a) Except as otherwise provided in this Article, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them.

See *Insurance Co. v. Motor Co.*, 18 N.C. App. 689, 198 S.E.2d 88 (1973).

For Rhein to be entitled to a verdict reduction in the amount of the settlement between plaintiffs and defendants King and Kingstree, it must not only appear that the three defendants are tort-feasors, but also that the negligence of all three defendants caused an indivisible injury. "If the independent wrongful acts of two or more persons unite in producing a *single indivisible injury*, the parties are joint tort-feasors within the meaning of the law. . . ." *Phillips v. Mining Co.*, 244 N.C. 17, 92 S.E.2d 429 (1956).

In their complaint, plaintiffs treated defendants as joint tort-feasors and sought relief from flood damage caused by mud and silt runoff from all defendants' properties. Our review of the evidence at trial reveals only a single indivisible injury — the flooding of plaintiffs' property. Rhein points out that until this appeal, plaintiffs did not attempt to allocate their injury among defendants. It appears that all defendants had begun work on their properties at the time of the April 1987 flood damage.

In plaintiffs-appellees' brief on appeal, they contend for the first time that they suffered two separate injuries. Plaintiffs contend that Rhein is responsible for the flood damage incurred and that plaintiffs settled with King and Kingstree for potential future flood damage that is likely to occur. Plaintiffs' argument is without merit. Plaintiffs were not entitled to recover in this action for future flooding. "Plaintiff's remedy in a proceeding of this sort, between private parties, is by successive suits brought from time to time against the author of the nuisance as long as the noxious condition is maintained in which he may recover past damages down to the time of the trial." *Phillips v. Chesson*, 231 N.C. 566, 58 S.E.2d 343 (1950).

We find no error in the trial, but for the reasons stated we remand to the superior court for amendment of the judgment to give defendant Rhein the benefit of the $5,000.00 settlement.

[2] Plaintiffs cross-assign as error the trial court's denial of plaintiffs' motion for judgment notwithstanding the verdict or in the

alternative a new trial as to the amount of damages awarded by the jury. Plaintiffs contend the verdict award was too low and ignored the damage evidence and the trial court abused discretion in refusing to set aside the jury verdict.

Rule 10(d) of the North Carolina Rules of Appellate Procedure states in part:

> Without taking an appeal an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for *supporting* the judgment, order, or other determination from which appeal has been taken. (Emphasis added).

In their cross-assignment of error, plaintiffs do not present an alternative basis in law for supporting the judgment. Instead, plaintiffs contend that the trial court erred in refusing to set aside the jury verdict as too small. Therefore, the plaintiffs' contention is not properly before this Court. The proper method to have preserved this issue for review would have been a cross-appeal. *See Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E.2d 775 (1984). Plaintiffs' cross-assignment of error is overruled.

No error in part; remanded in part.

Judges EAGLES and LEWIS concur.