The prior Orders filed by Commissioner J. Randolph Ward on 3 August 1993 and 15 September 1993 are incorporated herein by reference. The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence; or to amend the Opinion and Award, except for the addition of Finding of Fact Number Seven, Conclusion of Law Number Two and the additional language of Order Paragraph Number One concerning the amount of setoff to which defendant is entitled. Further, the Full Commission, in its discretion, has increased the amount of damages awarded in this matter. This change in the amount of damages is found in Finding of Fact Number Five, Conclusion of Law Number One and Order Paragraph Number One.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Medical records regarding treatment of plaintiff received into evidence as Stipulated Exhibit Number One.
2. That plaintiff has incurred medical bills as a result of the injury she sustained in the amount of $16,672.03.
3. That the State has prima facie defense in the event that an entry of default had not been entered in this matter or in the event the entry of default is subsequently set aside and the State does not need to present any further evidence regarding a primafacie showing.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, a twenty-two year-old female, sustained an injury on 25 January 1990 during an automobile accident. Plaintiff was not wearing her seatbelt and at the time of the impact was riding in the right front passenger seat. Upon impact, plaintiff was thrown forward, hitting the windshield and was then thrown into the driver's seat hitting her pelvic area on the console.
2. On 25 January 1990, plaintiff received treatment in the emergency room at Durham County Hospital for a closed fractured right femur, a fractured dislocated right arm, and multiple bruises. As a result of the injury to her right femur, plaintiff underwent two surgeries and has sustained a five percent permanent partial disability to her right leg. Furthermore, while plaintiff has not been given a permanency rating to her right shoulder, said injury to her right shoulder increases her chances of developing instability in the shoulder joint and plaintiff continues to experience shoulder pain which results in stiffness and limitation of motion, especially with weather changes. Additionally, plaintiff has sustained a scar to the upper portion of her right leg as the result of the surgeries she underwent to correct her fractured femur.
3. As a result of the injury she sustained, plaintiff was hospitalized for approximately thirteen days and underwent physical therapy for six months. Plaintiff, who was a freshman at the University of North Carolina at Greensboro majoring in dance, had to drop out of school for one semester due to her injury. Furthermore, plaintiff's injuries prevent her from pursuing a dance career as she had previously anticipated; however, plaintiff remains physically capable of being a dance instructor, and, in fact, following her injury plaintiff has helped teach a class in step aerobics.
4. While plaintiff in 1989 had experienced some right knee pain, she had not considered changing career plans and her right knee pain was not severe. The injury plaintiff sustained as a result of the accident giving rise to this claim exacerbated plaintiff's pre-existing knee condition.
5. Following this accident and upon her return to school, plaintiff changed her major to biology and hopes to go into physical therapy. Plaintiff testified that her life ambition was to be a professional dancer or to teach dance. As aforementioned, plaintiff retains the capacity to pursue a career as a dance instructor. Plaintiff had taken private dance lessons until she was ten years of age and then became a cheerleader and was a member of the dance team in high school. Plaintiff, however, has not presented sufficient evidence regarding whether or not she would have had a successful dance career or as to any monetary loss which plaintiff would have sustained as a result of the loss of her anticipated professional dance career.
6. As a proximate result of the accident and the injuries sustained thereby, when considering plaintiff's personal injury, medical expenses and the treatment rendered therefore, as well as her pain and suffering, plaintiff has sustained damages in the amount of $96,000.00.
7. As a result of the accident of 25 January 1995, plaintiff has previously recovered $55,000.00 which was paid on behalf of Mr. Mark Marochek, another party involved in the accident.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the negligence of defendant's employee, plaintiff sustained damages in the amount of $96,000.00, less the amount of setoff hereinafter approved.
2. Defendants are entitled to a setoff in the amount of $55,000.00 representing the amount previously paid to plaintiff on behalf of Mr. Mark Marochek, another party involved in the accident of 25 January 1990. Cox v. Robert C. Rhein InterestInc., 100 N.C. App. 584, 397 S.E.2d 358 (1990); N.C. Gen. Stat. §1B-4(1).
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, The Full Commission Affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. IT IS THEREFORE ORDERED that defendant shall pay to plaintiff damages as a result of the 20 January 1990 accident in the amount of $96,000.00, less the amount of setoff to which defendant is entitled, $55,000.00.
2. Defendant shall pay the costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING;
S/ _______________________ JAMES J. BOOKER COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER