MARY LOIS TART RYALS, Plaintiff v. HALL-LANE MOVING AND STORAGE COMPANY, INC., RAYMOND JENSEN, HOLLY LEE WILLIAMS AND FRANK MAHONEY, Defendants

No. COA94-748

(Filed 2 April 1996)

1. **Evidence and Witnesses § 160 (NCI4th)— secret settlement with two of four defendants—defendants not prejudiced by lack of knowledge of settlement—evidence of settlement properly excluded**

Defendants Williams and Mahoney were not unduly prejudiced by the trial court's refusal to suspend the normal rule prohibiting evidence of settlements and to allow evidence of plaintiff's pretrial settlement with defendants Jensen and Hall-Lane to come before the jury, although Jensen and Hall-Lane remained in the case, where plaintiff's pretrial comments unequivocally put all who would hear on notice that she was proceeding against Williams and Mahoney and not Jensen and Hall-Lane. N.C.G.S. § 8C-1, Rule 408.

**Am Jur 2d, Compromise and Settlement § 48.**

**2. Damages § 53 (NCI4th)— reduction in award by settlement amount—no error**

Even if plaintiff correctly characterized her complaint as setting out mutually exclusive claims against the driver and owner of an automobile involved in a collision and the driver and owner of a truck which allegedly caused the accident, there was no merit to plaintiff's contention that her pretrial settlement with the truck driver and owner should have no effect on the amount recoverable from the automobile driver and owner, since plaintiff sued both sets of defendants to recover for but one indivisible injury. Therefore, the trial court did not err by reducing under N.C.G.S. § 1B-4 plaintiff's $25,000 recovery against the automobile driver and owner by the $10,000 settlement she had received from the truck driver and owner.

**Am Jur 2d, Damages §§ 566-590.**

**Unsatisfied claim and judgment statutes: validity and construction of provisions for deduction from award of sums collectible by claimant from other sources. 7 ALR3d 836.**

**Receipt of public relief or gratuity as affecting recovery in personal injury action. 77 ALR3d 366.**

**Application of collateral source rule in actions under Federal Tort Claims Act (28 USCS sec. 2674). 104 ALR Fed. 492.**

Appeal by plaintiff and defendants Holly Lee Williams and Frank Mahoney from judgment entered 28 January 1994 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 3 April 1995.

*E. Gregory Stott for plaintiff-appellant.*

*Smith & Holmes, P.C., by Robert P. Holmes, for defendant-appellants Holly Lee Williams and Frank Mahoney.*

JOHN, Judge.

Plaintiff filed suit against defendants Raymond Jensen (Jensen), Hall-Lane Moving and Storage Company, Inc. (Hall-Lane), Holly Lee Williams (Williams) and Frank Mahoney (Mahoney) for personal injuries sustained when an automobile owned by Mahoney and oper-

ated by Williams collided with a vehicle in which plaintiff was a passenger. Williams and Mahoney appeal the judgment entered upon a jury verdict finding them liable for plaintiff's injuries. Williams and Mahoney assign error to the trial court's refusal to admit evidence of a pre-trial settlement agreement between plaintiff and defendants Jensen and Hall-Lane. Plaintiff also appeals, citing as error the trial court's reduction of her damages award by the amount she received in settlement from Jensen and Hall-Lane. We find no error by the trial court.

Facts pertinent to this appeal are as follows: On 20 April 1991, plaintiff was injured in a collision on Interstate 40 while a passenger in her daughter's Dodge which was struck by a Toyota driven by Williams. Plaintiff filed suit in December 1991 against Jensen, a truck driver who was operating his vehicle on the highway near Williams' Toyota at the time of the accident, and Hall-Lane, which owned the truck being driven by Jensen. Plaintiff alleged in her complaint that Jensen struck Williams' automobile as he attempted to change lanes, thereby causing Williams to career across the highway and collide with the oncoming Dodge. Jensen and Hall-Lane filed answer denying the essential allegations of plaintiff's complaint.

Plaintiff filed an amended complaint in June 1992, adding Williams and Mahoney as defendants. In addition to her original allegations against Jensen, plaintiff set forth as an alternative theory that Williams lost control of her automobile and collided with the Dodge due to Williams' own negligence as she attempted to overtake a vehicle ahead of her at too great a speed.

Hall-Lane and Jensen thereafter filed cross-claims against Williams and Mahoney for indemnity and contribution in the event the former were held liable. Williams and Mahoney followed with similar cross-claims against Jensen and Hall-Lane for contribution and indemnity as well as claims for personal and property damage incurred when Jensen's truck allegedly hit the vehicle occupied by Williams and Mahoney.

Trial began 18 January 1994. At the close of plaintiff's evidence, Jensen and Hall-Lane moved for directed verdict on grounds that plaintiff had presented no evidence that Jensen had caused the collision. After allowing plaintiff the chance to re-open her case, which opportunity plaintiff declined, the trial court granted the motion.

RYALS v. HALL-LANE MOVING AND STORAGE CO.

[122 N.C. App. 134 (1996)]

At that point, Williams and Mahoney became aware that plaintiff had settled with Jensen and Hall-Lane in the amount of $10,000 prior to trial based upon the contingency that Jensen and Hall-Lane continue as defendants at trial. Williams and Mahoney then dismissed without prejudice their claims against Jensen and Hall-Lane. The jury subsequently rendered a verdict finding Williams and Mahoney liable for plaintiff's injuries in the amount of $25,000. In a judgment filed 28 January 1994 and "pursuant to N.C.G.S. Chapter 1B," the trial court reduced the award to plaintiff by the $10,000 she had received in settlement with Jensen and Hall-Lane. The parties to this appeal filed timely notice thereof 21 February 1994.

[1] Williams and Mahoney argue that

the trial court committed reversible error by refusing to allow evidence of the pretrial settlement between plaintiff and defendants Jensen and Hall-Lane where the pretrial settlement was kept secret from the trial court and from the other defendants until after the plaintiff rested her case-in-chief.

We disagree.

Williams and Mahoney contend the settlement between plaintiff and Jensen and Hall-Lane constituted a "Mary Carter" agreement. This is a type of settlement which derives its designation from a Florida case, *Booth v. Mary Carter Paint Company*, 202 So.2d 8 (Fla. Dist. Ct. App. 1967), *overruled by Ward v. Ochoa*, 284 So.2d 385 (Fla. 1973), in which the plaintiff made a secret settlement arrangement with one defendant who then continued as a party at trial. This Court has defined a "Mary Carter" agreement as "one in which a co-defendant secretly settles a case and continues as an ostensible co-defendant." *Wright v. Commercial Union Ins. Co.*, 63 N.C. App. 465, 470, 305 S.E.2d 190, 193, *disc. review denied*, 309 N.C. 634, 308 S.E.2d 719 (1983).

The legality of "Mary Carter" agreements has not been addressed by North Carolina courts. Other states considering the propriety of such agreements have reached differing results, including banning the use of this type of agreement or requiring the existence and terms of such a settlement to be disclosed to the jury. *See* Christopher Vaeth, Annotation, *Validity and Effect of "Mary Carter" or Similar Agreement Setting Maximum Liability of One Cotortfeasor and Providing for Reduction or Extinguishment Thereof Relative to Recovery Against Nonagreeing Cotortfeasor*, 22 A.L.R.5th 483 (1994).

RYALS v. HALL-LANE MOVING AND STORAGE CO.

[122 N.C. App. 134 (1996)]

"Mary Carter" agreements characteristically set the amount of the settling defendant's financial responsibility as contingent upon the judgment ultimately obtained against the non-settling defendant, *i.e.*, as the judgment amount against the non-settling defendant increases, the settlement amount decreases, thereby giving the settling defendant an incentive to assist the plaintiff in obtaining as large an award as possible against the non-settling defendant. Vaeth, *supra*; *but see Dosdourian v. Carsten*, 624 So.2d 241, 247 (Fla. 1993) ("Mary Carter" agreement despite lack of evidence that settling defendant's liability could be reduced by participating in the trial).

By contrast, there is no contention in the case *sub judice* that the settlement between plaintiff and Jensen and Hall-Lane was not in the fixed, pre-determined amount of $10,000. The settling defendants, Jensen and Hall-Lane, thus had no *direct* incentive as a result of their settlement with plaintiff to assist her in obtaining any award against Williams and Mahoney, much less one as substantial as possible. However, Jensen and Hall-Lane *did* possess a motive to paint Williams and Mahoney as the sole tortfeasors due to the former's position as defendants in the cross-claim of Williams and Mahoney for personal and property damages. With or without a "secret" settlement with plaintiff, Jensen and Hall-Lane accordingly remained in an adversarial role against their co-defendants.

For the foregoing reasons, it is doubtful the settlement between plaintiff and Jensen and Hall-Lane may truly be characterized as a "Mary Carter" agreement. In any event, it is unnecessary to label the agreement definitively or reach the issue of the propriety of "Mary Carter" agreements in general in order to resolve the instant appeal against Williams and Mahoney. We conclude the latter were not prejudiced by ignorance until mid-trial of a settlement agreement between plaintiff and the co-defendants such that exclusion of evidence of that agreement constituted reversible error. *See Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986) ("[P]arty asserting error must show from the record not only that the trial court committed error, but that the aggrieved party was prejudiced as a result."); *see also* N.C.R. Civ. P. 61 ("Harmless error").

Williams and Mahoney maintain they were victimized by an unfair trial, having based their trial strategy on the assumption plaintiff would attack all defendants with equal vehemence and that Jensen and Hall-Lane were equally likely to be found liable. For example, Williams and Mahoney claim to have selected a jury "sympathetic to

*all* of the injured parties," so as to enhance the opportunity to recover on their personal injury cross-claims against Jensen and Hall-Lane. They further assert concessions advanced during jury selection and in opening statement that plaintiff was entitled to recover from some party. Finally, Williams and Mahoney cite their election at trial not to dispute plaintiff's damages and their consequent failure to cross-examine plaintiff or her chiropractor in this regard.

Of the foregoing, only the lack of cross-examination—but not counsel's explanation—may be verified from the record. *See* N.C.R. App. P. 9(a) (appellate "review is solely upon the record on appeal"). In any event, we find unpersuasive the contention of Williams and Mahoney that they were surprised, and consequently prejudiced, when plaintiff failed to present evidence against Jensen and Hall-Lane. For example, plaintiff's attorney advised the court immediately preceding trial:

> [O]ur evidence will be—we don't have any evidence that Hall-Lane was actually at fault other than what we were told by Mrs. Williams and Mr. Mahoney through their agents early on. That's why the lawsuit was originally filed against the trucking company. Our evidence will be that we saw the Mahoney-Williams' vehicle going out of control so our evidence will only be that they were negligent. So, I think then that would be their responsibility, or then it would be their burden to show someone else may or may not have caused the accident.

Shortly thereafter, counsel for Jensen and Hall-Lane commented:

> This is sort of—this is not your typical case in terms of plaintiff versus defendants. This is sort of defendants scratching each others' [sic] eye's out. And I don't know whether—and so I say that because our interests are—and the stories, the testimony, is going to be so diametrically opposed to each other, I think, that there's no real alignment between defendants in this case.

Indeed, nothing in the record indicates any attempt by plaintiff to conceal her pursuit at trial of Williams and Mahoney as opposed to Jensen and Hall-Lane. To the contrary, as noted above, plaintiff's attorney insisted in open court before the trial began, "[O]ur evidence will *only* be that [Williams and Mahoney] were negligent." (emphasis added). Further, as also discussed above, Jensen and Hall-Lane had cause to present evidence that Williams and Mahoney were the sole tortfeasors in that the latter had filed indemnity and contribution

claims as well as cross-claims against Jensen and Hall-Lane for personal and property damage.

Williams and Mahoney also assert that

[t]he mere fact that Jensen and Hall-Lane were suddenly absent from the courtroom probably caused the jury to believe that the Court had made some determination that Jensen and Hall-Lane were free of negligence . . . .

This argument is rank speculation and absent foundation in the record. We observe that, after giving counsel an opportunity to comment on "what, if anything, [counsel wished the court] to tell the jury about" the absence of Jensen and Hall-Lane following the close of plaintiff's evidence, the trial court properly instructed the jury to refrain from attaching significance to the defendants' absence. Counsel for Williams and Mahoney made no further objection nor requested special instructions. *See* N.C.R. App. P. 10(b)(1) (party must object at trial to preserve question for appellate review). The jury, moreover, is presumed to understand and comply with the instructions of the court. *State v. Self*, 280 N.C. 665, 672, 187 S.E.2d 93, 97 (1972). Lastly, it was *Williams and Mahoney* who made the tactical choice at trial to dismiss their cross-claims and claims for contribution and indemnity *after* learning of plaintiff's settlement agreement with Jensen and Hall-Lane. Williams and Mahoney thus were ultimately responsible for their co-defendants' absence from the courtroom.

In sum, the contention of Williams and Mahoney that the trial below was unfair because they had no advance warning it was going to be "two against one" rings false. We reiterate that plaintiff's pretrial comments unequivocally put all who would hear on notice that she was proceeding against Williams and Mahoney and not Jensen and Hall-Lane.

Accordingly, we find unavailing the argument of Williams and Mahoney that they were unduly prejudiced by the trial court's refusal to suspend the normal rule prohibiting evidence of settlements, N.C.G.S. § 8C-1, Rule 408 (1992), and to allow evidence of plaintiff's settlement with Jensen and Hall-Lane to come before the jury.

We similarly reject the contention of Williams and Mahoney that the trial court erred by denying their motion for mistrial "made after the court's refusal to allow evidence of the secret pretrial settlement between the plaintiff and the other defendants." It is well established

that the decision whether to declare a mistrial is one "resting in the sound discretion of the [trial court]." *Keener v. Beal,* 246 N.C. 247, 256, 98 S.E.2d 19, 25 (1957). In that we have determined Williams and Mahoney suffered no prejudice as the result of the trial court's exclusion of evidence of settlement, we find no abuse of discretion in the court's failure to grant the motion for mistrial based upon exclusion of that evidence.

**[2]** Plaintiff also appeals to this Court, challenging the trial court's reduction of her damages award from $25,000 to $15,000. The court acted pursuant to the "Uniform Contribution among Tort-Feasors Act," N.C.G.S. § 1B-4 (1983), which provides, *inter alia,* as follows:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater[.]

Plaintiff contends she did not allege the two sets of defendants were jointly liable for her injuries, but rather that each was liable in the alternative. She claims N.C.G.S. § 1B-4 is not operative unless the co-defendants involved are alleged to have acted jointly to cause the plaintiff's injury. We do not agree.

The Restatement (Second) of Torts § 885(3), at 333 (1979) provides:

> A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

The comments to this subsection state in part:

> Payments made by one who is not himself liable as a joint tortfeasor will go to diminish the claim of the injured person against others responsible for the same harm if they are made in compensation of that claim, as distinguished from payments from collateral sources such as insurance, sick benefits, donated medical

or nursing services, voluntary continuance of wages by an employer, and the like. These payments are commonly made by one who fears that he may be held liable as a tortfeasor and who turns out not to be.

*Id.* at 335-36.

Our North Carolina Supreme Court anticipated the foregoing in a nearly identical statement:

[T]he weight of both authority and reason is to the effect that any amount paid by anybody, whether they be joint tort-feasors or otherwise, for and on account of any injury or damage should be held for a credit on the total recovery in any action for the same injury or damage.

*Holland v. Utilities Co.*, 208 N.C. 289, 292, 180 S.E. 592, 593-94 (1935).

While the Supreme Court's statement in *Holland* seems dispositive of the issue herein, plaintiff directs our attention to *Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 397 S.E.2d 358 (1990). Plaintiff focuses upon this Court's statement in *Cox* that the non-settling defendant would be entitled to a credit "only [when it] appear[s] that [all] defendants are tort-feasors [and] that the negligence of all . . . defendants caused an indivisible injury." *Id.* at 587, 397 S.E.2d at 360. However, a close reading of *Cox* reveals the Court's holding turned upon suit having been initiated against the defendants on the basis of an identical injury, rather than on the basis that the defendants' actions may have jointly, as opposed to alternatively, caused plaintiff's injury.

Similarly, in the case *sub judice*, both Jensen and Hall-Lane as well as Williams and Mahoney were alleged to have been liable for the entire harm done to plaintiff. Even assuming *arguendo* plaintiff correctly characterizes her complaint as setting out mutually exclusive claims against Williams and Mahoney on the one hand and the settling defendants on the other, we find unavailing plaintiff's contention that her settlement with one set of defendants should have no effect on the amount recoverable from the other. Plaintiff indisputably sued both sets of defendants to recover for but one indivisible injury. Her damages are limited to the "total recovery," *Holland*, 208 N.C. at 292, 160 S.E.2d at 594, for that single injury.

In conclusion, we hold the trial court did not err in declining to allow into evidence plaintiff's pre-trial settlement with Jensen and

Hall-Lane or in reducing the judgment against Williams and Mahoney by the amount plaintiff received in that settlement.

No error.

Chief Judge ARNOLD and Judge WYNN concur.