KENT THOMPSON BAITY, Plaintiff v. STEPHEN LESLIE BREWER and PATRICIA
FITZGERALD POOLE, Defendants

No. COA95-920

(Filed 4 June 1996)

**Damages § 53 (NCI4th)— no double recovery for single
injury—failure to grant defendant credit for monies
already received—error**

Based upon the common law principle that a plaintiff should
not be permitted a double recovery for a single injury, the trial
court erred in failing to grant defendant a credit for the money
previously paid plaintiff by another alleged tortfeasor in this
action arising from a multi-car pile-up even though the jury found
that the other alleged tortfeasor was not negligent.

**Am Jur 2d, Damages §§ 566 et seq.**

**Admissibility of evidence that injured plaintiff received
benefits from a collateral source, on issue of malingering
or motivation to extend period of disability. 47 ALR3d 234.**

**Receipt of public relief or gratuity as affecting recovery
in personal injury action. 77 ALR3d 366.**

**Validity and construction of state statute abrogating
collateral source rule as to medical malpractice actions. 74
ALR4th 32.**

Appeal by defendant from judgment entered 10 May 1995 by
Judge Forrest D. Bridges in Forsyth County Superior Court. Heard in
the Court of Appeals 22 April 1996.

*T. Dan Womble for plaintiff-appellee.*

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr. and
Robert A. Ford, for defendant-appellant, Patricia Fitzgerald
Poole.*

WYNN, Judge.

On 8 October 1992, defendant Patricia Fitzgerald Poole ("Poole") traveled in the left lane of Peters Creek Parkway in Winston-Salem, North Carolina followed by plaintiff Kent Baity ("plaintiff") who in turn was followed by defendant Stephen Brewer ("Brewer"). An accident occurred when Poole slowed to make a left turn and in response plaintiff slowed his car resulting in Brewer colliding into the rear end of plaintiff's car. Plaintiff suffered serious injury.

Prior to the trial of the subject action, Brewer settled with the plaintiff for fifty thousand dollars ($50,000), the limits of his insurance policy. Plaintiff in turned signed a release with Brewer and his insurance carrier, releasing them from liability but reserving the right to proceed against Brewer in order to prosecute a claim against the underinsured motorist carriers (UIM carriers). Upon the consent of all parties, the trial court relieved Brewer's insurance carrier of its duty to defend in the subject case.

The case was tried against both defendants. The jury found Poole to be negligent, Brewer not to be negligent, and awarded plaintiff $67,500.

Poole moved that the trial court grant her a credit for the $50,000 already received by the plaintiff from Brewer for his injury. The trial court denied Poole's motion for a credit, holding that there cannot be contribution or a credit unless there is joint liability, and since the jury found Brewer not to be negligent there was no joint liability. From this portion of the judgment, Poole appeals.

---

On appeal, Poole contends that the trial court erred when it failed to grant her a credit for the money paid by Brewer to plaintiff. We agree, and therefore reverse the contrary part of the judgment below.

Chapter 1B of the North Carolina General Statutes, commonly known as the Uniform Contribution Among Tortfeasors Act, provides that a right of contribution exists "where two or more persons become jointly or severally liable in tort for the same injury to person or property . . . ." N.C. Gen. Stat. §1B-1(a) (1983); *see also Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 586, 397 S.E.2d 358, 360 (1990); *Ryder v. Benfield*, 43 N.C. App. 278, 287, 258 S.E.2d 849, 855 (1979). Plaintiff contends that defendant Poole is not entitled to contribution from Brewer because the jury did not find that Brewer

was a joint tort-feasor. However, while plaintiff correctly states the law regarding contribution among tort-feasors, that law is not applicable here. Defendant Poole based her motion for credit not on any right of contribution under Chapter 1B but on the common-law principle that a plaintiff should not be permitted a double recovery for a single injury. *See Seafare Corp. v. Trenor Corp.*, 88 N.C. App. 404, 415-16, 363 S.E.2d 643, 652, *disc. review denied*, 322 N.C. 113, 367 S.E.2d 917 (1988) (holding that defendant is entitled to a credit based on the principle that plaintiff can have only one recovery for its injury, rather than on a statutory right of contribution).

In *Holland v. Utilities Co.*, 208 N.C. 289, 180 S.E. 592 (1935), our Supreme Court stated that "any amount paid by anybody, whether they be joint tort-feasors or otherwise, for and on account of any injury or damage should be held for a credit on the total recovery in any action for the same injury or damage." *Id.* at 292, 180 S.E. at 593-94. The *Holland* decision is in full force and effect in North Carolina, having been cited as controlling authority in the recent case of *Ryals v. Hall-Lane Moving and Storage Co.*, 122 N.C. App. 242, ——, 468 S.E.2d 69, 74-75 (1996) (holding that where plaintiff sued both defendants to recover for one indivisible injury, her damages were limited to the "total recovery" for that single injury and her award was properly reduced by amount of pre-trial settlement with one defendant). In addition, *Holland* is cited with approval in § 885(3) of the Restatement (Second) of Torts, which provides that:

> [A] payment *by any person* made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, *whether or not the person making the payment is liable* to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

Restatement (Second) of Torts §885(3) (1982) (emphasis supplied) (citing *Holland*). The rule in *Holland* is directly on point here and mandates reversal of the portion of the trial court's judgment denying defendant Poole a credit.

Reversed and remanded for proceedings consistent with this opinion.

Judges JOHNSON and WALKER concur.