The Full Commission notes that the current panel considering this matter includes Commissioner Laura K. Mavretic, replacing Judge James J. Booker, who retired after the filing of the Full Commission's 26 January 1995 Decision and Order. The prior Orders filed by Commissioner J. Randolph Ward on 3 August 1993 and 15 September 1993 are incorporated herein by reference. The Full Commission received a Motion for Final Default Judgment and a proposed Decision and Order from plaintiff on 20 June 1996 and a Response to said Motion on 28 June 1996 from defendant. These documents are incorporated herein by reference.
* * * * * * * * * * *
Previously in this matter, Commissioner J. Randolph Ward filed an Order on 3 August 1993 granting plaintiff's Motion for an entry of default against defendant and setting this case for hearing to determine the amount of damages to which plaintiff was entitled. Thereafter, Deputy Commissioner Jan N. Pittman heard this matter on the sole issue of the amount of damages and filed her decision and order accordingly. Defendant appealed, and the Full Commission modified the Deputy Commissioner's decision to increase the damage award.
Upon appeal to the Court of Appeals, defendant prevailed on its second assignment of error which argued that the Commission must make Findings of Fact to support the conclusion under N.C.R. Civ. P. 55(f) that claimant had established her claim or right to relief by the evidence and may not merely rely on the entry of a default judgment to determine the issues of negligence and liability.
Accordingly, the Full Commission has again reviewed this matter based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman, the briefs and arguments before the Full Commission and the Court of Appeals decision, certified on 6 May 1996. The Full Commission now files this final Decision and Order which modifies its 26 January 1995 Decision and Order to make sufficient Findings of Fact on the issues of negligence and liability and for the entry of an final default judgment against defendant.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Medical records regarding treatment of plaintiff received into evidence as Stipulated Exhibit Number One.
2. That plaintiff has incurred medical bills as a result of the injury she sustained in the amount of $16,672.03.
3. That the State has prima facie defense in the event that an entry of default had not been entered in this matter or in the event the entry of default is subsequently set aside and the State does not need to present any further evidence regarding a primafacie showing.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows and finds as follows:
FINDINGS OF FACT
1. Plaintiff, a twenty-two year-old female, sustained an injury on 25 January 1990 during an automobile accident on North Roxboro Road in Durham County. Upon impact, plaintiff was thrown forward, hitting the windshield and was then thrown into the driver's seat hitting her pelvic area on the console.
2. The accident of 25 January 1990 occurred as plaintiff was heading north on North Roxboro Road in Durham, North Carolina as a passenger in a car driven by her then boyfriend, Mr. Mark Marochek. Mr. Marochek's car was in the right lane and was following the light colored curb located to the right side of his car. When the road abruptly ended, the car in which plaintiff was riding ran into a utility pole placed within a few feet of the end of the paved portion of the right lane and directly in the middle.
3. On the night of 25 January 1990, it had been raining and was foggy at the approximate time of plaintiff's accident. These conditions would made seeing the end of the right hand lane on Roxboro Road even more difficult.
4. On the relevant dates hereto, Mr. B.E. Jenkins and Mr. L.E. Stegall were employed by defendant, North Carolina Department of Transportation. A memorandum of 23 August 1989 from Mr. Jenkins to Mr. Stegall acknowledges a "final inspection report" for the construction on North Roxboro Road and clearly establishes that defendant would have the responsibility for the maintenance of said road beginning on 22 July 1989.
5. The North Carolina Department of Transportation, by and through the above named employees, was in control of North Roxboro Road and, therefore, had a duty to properly inspect and maintain this road to assure reasonably safe conditions for the persons traveling thereupon.
6. On 25 January 1990, as plaintiff's car traveled north on Roxboro Road, the Department of Transportation had not placed protective barricades or reasonable warning devices along the roadway which could have alerted motorist that the right hand lane was about to abruptly end, and that there was a utility pole in the line of travel.
7. With Roxboro Road in such an unsafe condition, and with the absence of proper warning devices and/or barricades, the Full Commission finds that it was reasonably foreseeable that an accident such as the one in which plaintiff was involved in on 25 January 1990 would occur on North Roxboro Road so long as it remained in such an unsafe condition.
8. The Full Commission finds that by failing to provide proper warning devices, and/or protective barricades, defendant breached its duty to provide and maintain reasonably safe roadways, and that plaintiff's injuries and resulting medical treatment were the proximate result thereof.
9. On 25 January 1990, as a result of the accident on the same date, plaintiff received treatment in the emergency room at Durham County Hospital for a closed fractured right femur, a fractured dislocated right arm, and multiple bruises. As a result of the injury to her right femur, plaintiff underwent two surgeries and has sustained a five percent permanent partial disability to her right leg. Furthermore, while plaintiff has not been given a permanency rating to her right shoulder, said injury to her right shoulder increases her chances of developing instability in the shoulder joint and plaintiff continues to experience shoulder pain which results in stiffness and limitation of motion, especially with weather changes. Additionally, plaintiff has sustained a scar to the upper portion of her right leg as the result of the surgeries she underwent to correct her fractured femur.
10. As a result of the injury she sustained, plaintiff was hospitalized for approximately thirteen days and underwent physical therapy for six months. Plaintiff, who was a freshman at the University of North Carolina at Greensboro majoring in dance, had to drop out of school for one semester due to her injury. Furthermore, plaintiff's injuries prevent her from pursuing a dance career as she had previously anticipated; however, plaintiff remains physically capable of being a dance instructor, and, in fact, following her injury plaintiff has helped teach a class in step aerobics.
11. While plaintiff in 1989 had experienced some right knee pain, she had not considered changing career plans and her right knee pain was not severe. The injury plaintiff sustained as a result of the accident giving rise to this claim exacerbated plaintiff's pre-existing knee condition.
12. Following this accident and upon her return to school, plaintiff changed her major to biology and hopes to go into physical therapy. Plaintiff testified that her life ambition was to be a professional dancer or to teach dance. As aforementioned, plaintiff retains the capacity to pursue a career as a dance instructor. Plaintiff had taken private dance lessons until she was ten years of age and then became a cheerleader and was a member of the dance team in high school. Plaintiff, however, has not presented sufficient evidence regarding whether or not she would have had a successful dance career or as to any monetary loss which plaintiff would have sustained as a result of the loss of her anticipated professional dance career.
13. As a proximate result of the accident and the injuries sustained thereby, when considering plaintiff's personal injury, medical expenses and the treatment rendered therefore, as well as her pain and suffering, plaintiff has sustained damages in the amount of $96,000.00.
14. As a result of the accident of 25 January 1995, plaintiff has previously recovered $55,000.00 which was paid on behalf of Mr. Mark Marochek, another party involved in the accident.
15. Pursuant to the North Carolina Tort Claims Act, plaintiff filed her affidavit with the Industrial Commission on 18 September 1992 and was forwarded to defendant by the Industrial Commission on 29 September 1992. Defendant's answer was filed on 24 November 1992. When the Commission requested an explanation of the delay and/or a copy of a document showing the date of receipt of plaintiff's affidavit none was provided. Based upon this information, the Full Commission finds that defendant's answer in this matter was not filed within thirty (30) days of receipt of plaintiff's affidavit. G.S. § 143-297.
16. Based upon the evidence and arguments before the Commission, the Full Commission finds as fact that plaintiff has established her claim and right to relief and shown that a direct basis exists in the record upon which defendant's negligence and liability can be established.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has proven, by the greater weight of the credible evidence of record, that defendant, by and through its employees, Mr. B.E. Jenkins and Mr. L.E. Stegall, was negligent on 25 January 1990 in the inspection and maintenance of North Roxboro Road in Durham, N.C. and negligent for failing to use reasonable care in warning and/or protecting the public against a reasonably foreseeable harm. G.S. § 143-291 et seq.
2. As a result of the negligence of defendant's employee on 25 January 1995, plaintiff was injured and sustained damages in the amount of $96,000.00, less the amount of setoff hereinafter approved. G.S. § 143-291 et seq.
3. Defendants are entitled to a setoff in the amount of $55,000.00 representing the amount previously paid to plaintiff on behalf of Mr. Mark Marochek, another party involved in the accident of 25 January 1990. Cox v. Robert C. Rhein InterestInc., 100 N.C. App. 584, 397 S.E.2d 358 (1990); G.S. § 1B-4(1).
4. As the result of defendant's failure to file a timely answer to plaintiff's affidavit within the limits set by law, plaintiff is entitled to the entry by the Full Commission of a Final Default Judgment against defendant. N.C.R. Civ. P. 55.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission Modifies the holding of the Deputy Commissioner and enters the following:
ORDER
1. The Full Commission enters a Final Default Judgment against defendant.
2. Defendant shall pay damages in the amount of $96,000.00 to plaintiff for the damages she sustained as the result of its negligence on 25 January 1990, less the amount of setoff to which defendant is entitled, $55,000.00.
3. Defendant shall pay the costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER